[No. 6147. Decided July 27, 1906.]

M. Peterson, *Respondent,* v. Howard B. Doak, *Appellant.*[1]

Fradulent Conveyances—Sales in Bulk—Creditors. Where one is not shown except by inference, to have been at any time a creditor of the vendor of a stock of goods in bulk, it cannot be claimed that the sale was fraudulent as to him as a creditor for failure to comply with the sales in bulk act.

Same—Preference—When Not Sale In Bulk. A failing debtor may prefer one of his creditors by transferring to him his stock of goods in bulk without complying with the "sales-in-bulk" act, where the stock was of less value than the preferred debt, there being no sale in bulk within the meaning of the act in such case.

Appeal from a judgment of the superior court for Spokane county, Poindexter, J., entered September 29, 1905, upon findings in favor of the plaintiff, after a trial on the merits before the court without a jury, in an action to recover personal property taken by the defendant, as sheriff, under a writ of attachment. Affirmed.

*Robertson, Miller & Rosenhaupt,* and *Cullen & Dudley,* for appellant.

*Belt & Powell,* for respondent.

Root, J.—Respondent brought suit to recover possession of certain goods taken by the appellant, as sheriff, under a writ of attachment, issued in an action wherein the Washington Liquor Company was plaintiff and Fred Lucas and James Lucas, as partners under the firm name of Lucas Brothers, were defendants. A trial before the court without a jury was had, and findings of fact and conclusions of law duly entered favorable to respondent, upon which judgment was rendered. From this an appeal is taken.

From the findings of fact, to which no exception is taken, the following appears: Fred Lucas was engaged in the saloon business at Rosalia, and being in failing circumstances

1Reported in 86 Pac. 663.

and indebted to respondent in the sum of $757 for wines, liquors and cigars, executed and delivered to respondent a bill of sale of all of his wines, liquors and cigars, being his entire stock and being composed partially of the identical goods for which he was indebted to respondent, and of the value of $600. Neither at the time said goods were sold to respondent, nor at any other time, did the latter ask for or receive from said Lucas an affidavit or list of creditors, as provided for under the provisions of chapter 109, Laws 1901, p. 222. Respondent voluntarily paid the creditors of said Lucas living at Rosalia, but did not pay or secure the other creditors, of whom there were several, one being said Washington Liquor Company.

It is urged by appellant that the sale and transfer of the entire stock by Lucas to respondent, without an affidavit and list of creditors being demanded or given, was absolutely void on account of the "sales-in-bulk" statute. Respondent maintains, however, that this statute has no application to the facts of this case. It does not appear from the findings that the Washington Liquor Company was a creditor of either Fred Lucas or Lucas Brothers, at the time of the sale, or at any other time, except by inference. Hence, the question of whether respondent complied with the "sales-in-bulk" statute becomes immaterial. *Whitehouse v. Nelson, ante,* p. 174, 86 Pac. 174. But, aside from this, it being unquestioned under the findings that Fred Lucas was a creditor of respondent, and that the amount of goods which he turned over was less in value than the amount of his indebtedness to respondent, it must be held, under former decisions of this court, that the transfer was justified. In the case of *Vietor v. Glover,* 17 Wash. 37, 48 Pac. 788, 40 L. R. A. 297, this court, among other things, said:

"It is the established law of this state that an individual, although insolvent or in failing circumstances, may pay or secure one or more creditors to the exclusion of others equally

meritorious, even if by so doing he exhausts the whole of his property."

The stock turned over by Lucas to respondent being insufficient to satisfy the indebtedness to the latter, there was nothing for respondent to pay over to other creditors. Consequently there would be no occasion for his demanding the affidavit and list of creditors required by the statute. There being no sale or transfer of goods in bulk within the meaning of the "sales-in-bulk" law, and there being no contention that the sale was otherwise illegal, we find no error in the judgment. It is therefore affirmed.

MOUNT, C. J., CROW, HADLEY, DUNBAR, RUDKIN, and FULLERTON, JJ., concur.