[No. 12040.  Department One.  December 30, 1914.]

GEORGE SECOR, *Respondent*, v. ED. CLOSE, *as Sheriff etc. et al., Appellants*.[1]

SALES—CONDITIONAL SALES—FAILURE TO FILE—STATUS OF CRED-ITORS—PREFERENCE. The failure to file in the auditor's office a con-ditional sales contract within ten days, whereby the sale became ab-solute as to subsequent creditors in good faith, under Rem. & Bal. Code, § 3670, does not prevent the vendees from returning the mill to the vendor as a preferred creditor, in payment of the balance of the purchase price, as against subsequent creditors who had no lien upon the mill or claims reduced to judgment, the value of the mill at the time of the preference not being disproportionate to the debt due.

Appeal from a judgment of the superior court for Cow-litz county, Darch, J., entered February 24, 1914, upon find-ings in favor of the plaintiff, in an action of claim and de-livery for property levied upon, after a trial to the court. Affirmed.

*B. L. Hubbell*, for appellants.

*Magill, McKenney & Brush,* for respondent.

PARKER, J.—The plaintiff, George Secor, claims title to personal property levied upon by the sheriff of Cowlitz county, at the instance of the defendant John Gadbaw, under an execution upon a judgment rendered in his favor against A. C. Luther and W. B. Mitchell, copartners. The plain-tiff's claim was made, and trial had in the superior court, in pursuance of Rem. & Bal. Code, §§ 573-577 (P. C. 81 §§ 891-899), relating to adverse claims to property levied upon. Findings and judgment being rendered in favor of the plaintiff, establishing his title to the property and an-nulling the levy, the defendants have appealed therefrom to this court.

On May 14, 1912, respondent was the owner of a shingle mill, in Cowlitz county. On that day he entered into a con-

[1]Reported in 145 Pac. 56.

tract of conditional sale of the mill to Luther and Mitchell, and delivered to them possession thereof; the condition of the sale being that the title to the mill should remain in respondent until full payment of the purchase price. Respondent failed to cause the contract of conditional sale to be filed in the office of the county auditor within ten days, or at all, after delivering possession of the mill to Luther and Mitchell, and thereby the sale became absolute as to subsequent creditors in good faith, under the provisions of Rem. & Bal. Code, § 3670 (P. C. 349 § 35). Thereafter, on July 2, 1913, Luther and Mitchell surrendered possession of the mill to respondent and all claim of title thereto, in full payment of the balance due upon the purchase price, only a small portion of which had theretofore been paid. It is not contended that the mill, after its use by Luther and Mitchell for a period of over a year after receiving possession thereof from respondent, was of greater value than the balance due upon the purchase price.

Over six months thereafter, on January 13, 1914, appellant Gadbaw obtained a judgment against Luther and Mitchell for the sum of $373, in the superior court for Cowlitz county. In that case, effort was made by appellant Gadbaw to have his claim decreed to be a lien upon the mill including respondent's interest therein. This claimed relief was, however, denied by the court, and the action dismissed as to respondent, who had been made a defendant therein. That adjudication touching appellant Gadbaw's claimed rights as against respondent remains in force and unappealed from. Contention is made by counsel for appellants that the trial court erred in finding, as it did, in substance, that the mill was surrendered by Luther and Mitchell to respondent in payment of the balance due upon the purchase price thereof. A review of the evidence to which our attention has been called by the abstract convinces us that the evidence clearly preponderates in favor of the view of the trial court

on this question.  Other facts of the case are undisputed, as above summarized.

But little is necessary to be said touching the law of the case.  Some contention is made by counsel for appellants, seemingly rested upon the theory that appellant Gadbaw's rights have been secured, as he claims them here, by the failure of respondent to file in the office of the county auditor the conditional sale contract, and by Gadbaw becoming a subsequent creditor in good faith of Luther and Mitchell. We are quite unable to see that these facts are of any avail to appellants here.  These facts show nothing more than that the sale of the mill to Luther and Mitchell became, in law, an absolute instead of a conditional one, as to subsequent creditors in good faith.  But this did not prevent Luther and Mitchell returning the mill to respondent in payment of the balance due upon the purchase price thereof, even though they thereby preferred respondent as a creditor, in the absence of the value of the mill at that time being in excess of the balance due upon the purchase price, or some other element of bad faith or fraud entering into the transaction. This is not an insolvency or bankruptcy proceeding, wherein might be sought the setting aside of this settlement of Luther and Mitchell debt to respondent, if prosecuted with due diligence.  Appellant Gadbaw was a mere creditor of Luther and Mitchell at the time of their surrender of the mill to respondent in payment of the balance due upon the purchase price. He has no lien upon the mill nor did he even have his claim reduced to judgment against Luther and Mitchell until more than six months after the surrender of the mill by them to respondent in payment of their debt.  This preference payment of their debt was not unlawful to the extent that it can be ignored in the sole interest of appellant Gadbaw, who was not a lien creditor at the time of the preference, whatever might have been done in an insolvency or bankruptcy proceeding timely prosecuted in the interest of all the creditors

of Luther and Mitchell looking to the setting aside of the preference.

The judgment is affirmed.

CROW, C. J., CHADWICK, MORRIS, and GOSE, JJ., concur.