[No. 12442.   Department Two.   May 12, 1915.]

# Globe Electric Company, ·Respondent, v. J. H. Montgomery et al., Appellants.[1]

Appeal—Record—Certification—Amendment.  The fact that the original certificate by the. trial judge to the bill of exceptions did not meet the requirements of Rem. & Bal. Code, § 391, would not be ground for dismissal of the appeal, where an amended certificate which satisfies the statute was later filed and, by stipulation of the parties, the clerk of the supreme court was authorized to attach same to the bill of exceptions on file in the supreme court.

Appeal—Harmless Error—Bill of Exceptions—Omissions.  The omission from a bill of exceptions of interrogatories to garnishee defendants prior to trial and their answers thereto could not be assigned as error, where the bill of exceptions did not show that they had been offered in evidence.

Appeal—Record — Certificate — Impeachment — Reference.  In order to impeach the trial judge's certificate that a bill of exceptions contains all the material facts, the respondent's remedy is to apply to the supreme court for an order of reference to have the question determined.

Appeal—Record—Abstract—Sufficiency.  An objection that the testimony set out in an abstract of the record is substantially a copy of that contained in the bill of exceptions without further condensation, is without merit, where in the preparation of the bill, giving the testimony in narrative form, all unnecessary matter was eliminated, and a further condensation would result in an incomplete presentation of the case.

Appeal—Notice of Appeal—Parties.  On appeal from orders in. garnishment proceedings in which the principal defendants have no interest, service of notice of appeal on the principal defendants is unnecessary.

Fraudulent Conveyances—Bulk Sales Law—Preference.  Where the value of a stock of goods taken by a creditor from a failing debtor is less than the amount due it on open account, the transaction amounts to no more than a preference and not a sale, and such creditor is not liable to garnishment under the sales-in-bulk act (Rem. & Bal. Code, §§ 5296-5300) for failure to require an affidavit and list of creditors.

[1]Reported in 148 Pac. 596.

Appeal from a judgment of the superior court for King county, Frater, J., entered May 23, 1914, upon findings in favor of the plaintiff, in garnishment proceedings. Reversed.

*Spence & Denham*, for appellants.

*Cassius E. Gates*, for respondent.

Main, J.—This is an appeal by the garnishee defendants from a judgment rendered against them.

The facts, briefly stated, are as follows: From the month of December, 1911, until the month of June, 1913, the principal defendants, under the name of the Edison Electric Company, were engaged in the business of selling electric light fixtures and electric supplies. During this time the Edison Electric Company had become indebted to the plaintiff in the sum of $909.67. It had also become indebted to the garnishee defendants upon an open account in the sum of approximately $510.97. This debt to the garnishee defendants was for goods, wares, and merchandise sold and delivered, and used by the principal defendants in their course of business. The garnishee defendants were manufacturers of electric fixtures and dealers in electrical supplies. During the time the principal defendants were engaged in business, the garnishee defendants had furnished them with a line of sample electrical fixtures, with the accessory glassware, sockets, etc. These were placed in the defendants' shop, not for sale, but as samples from which orders could be taken.

The business of the Edison Electric Company not being a successful one, that company was unable to pay its rent, and was notified by the landlord of the premises occupied by it prior to June, 1913, to vacate the same. On that date, upon receiving notice from the landlord, the Edison Electric Company notified the garnishee defendants of this fact, and requested them to remove their samples. Upon receiving this request the samples were removed. At the time of taking back the samples, the garnishee defendants did not request

an affidavit as to the creditors of the defendants, but merely contented themselves with the return of what they considered was their own property. Action was brought by the plaintiffs against the principal defendants as a copartnership, and judgment by default was obtained in the sum of $909.67. This judgment was entered on February 4, 1914. Prior to the entry of the judgment, a writ of garnishment had been served upon the garnishee defendants. Subsequently this writ was answered by denying the indebtedness. By affidavit the answer was controverted. The trial of the issue thus framed in the garnishment proceedings took place on May 20, 1914, and resulted in a judgment against the garnishee defendants in the sum of $281.90, this being the value of the samples above referred to as being removed from the shop of the principal defendants after they had notice to vacate. The garnishee defendants appeal.

The respondent opens its brief with a motion to dismiss the appeal. The first ground of this motion is that the bill of exceptions is not properly certified. It may be admitted that the original certificate by the trial judge to the bill of exceptions did not meet the statutory requirements. But subsequently an amended certificate was made, and by stipulation of counsel the clerk of this court was authorized to attach the same to the bill of exceptions. This amended certificate recites that the bill of exceptions contains "All the material facts, matters and proceedings occurring in the trial of said cause not already a part of the record therein." The amended certificate satisfies the statute. Rem. & Bal. Code, § 391 (P. C. 81 § 689).

But it is further argued that it affirmatively appears from the record that the bill of exceptions does not contain all the material facts, since there is not embodied therein written interrogatories which were propounded by the plaintiff and answered by the garnishee defendants prior to the trial. These interrogatories and their answers would have no proper place in the bill of exceptions or statement of facts unless

they had been offered in evidence. Whether they were offered in evidence or not does not appear from the bill of exceptions. In any event, the trial judge's certificate that the bill of exceptions does contain all of the material facts cannot be impeached in this manner. If the plaintiff was not content with the bill of exceptions as settled by the trial judge, his remedy was to make an application to this court for an order of reference to have the question determined. *Van Lehn v. Morse*, 16 Wash. 219, 47 Pac. 435; *Hallam v. Tillinghast*, 19 Wash. 20, 52 Pac. 329.

The second ground of the motion is that the abstract does not comply with the statute and the rules of this court. The bill of exceptions contains the testimony in narrative form, the reason for this being that there was no reporter present who took the testimony upon the trial in the superior court. The testimony as set out in the abstract is substantially a copy of that contained in the bill of exceptions, and is not further condensed. In preparing the bill of exceptions, apparently all unnecessary matter was eliminated. To further condense the testimony as it appears in the abstract would result in an incomplete presentation of the case. There is no merit in this contention.

The third ground of the motion is that notice of appeal was not served upon the principal defendants. As already stated, the judgment had been obtained against those defendants several months prior to the trial of the cause against the garnishee defendants. The principal defendants were not parties to the garnishment order or judgment. The garnishee defendants alone were interested in the orders made against them. This identical question was presented and decided in the case of *Dittenhoefer v. Coeur d'Alene Clothing Co.*, 4 Wash. 519, 30 Pac. 660, where it was said:

. "Nor does there seem to have been any necessity for giving the original judgment defendant notice of the appeal. It was not a party to the garnishment order, decree or judgment, and was not mentioned in it, except by incidental refer-

ence.   And the like remark is true of the North Pacific Insurance Company.   Each garnishee stands alone, and is not interested in orders made against others."

So far as we are informed, the holding in that case has been at no time overruled or modified.   The motion to dismiss the appeal will be denied.

Upon the merits it will be assumed—though we think the fact to be otherwise—that the goods referred to above as samples were, in fact, sold to the Edison Electric Company. Assuming this fact, it then appears that the Edison Electric Company was indebted to the garnishee defendants in the sum of $510.97, and that the samples removed were of the value of $291.80.   It therefore appears that the value of the goods taken from the shop of the Edison Electric Company by the garnishee defendants was less than the amount of the debt owing upon the open account.   This would not constitute a sale within the "bulk sales law."   Rem. & Bal. Code, §§ 5296-5300, inclusive (P. C. 203 §§ 9-17).   The failure to require an affidavit and list of creditors, as required by the "bulk sales law," would not subject the garnishee defendants to liability.   The transaction would amount to nothing more than a preference to one of the creditors.   In *Peterson v. Doak*, 43 Wash. 251, 86 Pac. 663, speaking upon this question it was said:

"It is urged by appellant that the sale and transfer of the entire stock by Lucas to respondent, without an affidavit and list of creditors being demanded or given, was absolutely void on account of the 'sales-in-bulk' statute.   .   .   .   The stock turned over by Lucas to respondent being insufficient to satisfy the indebtedness to the latter, there was nothing for the respondent to pay over to other creditors.   Consequently there would be no occasion for his demanding the affidavit and list of creditors required by the statute.   There being no sale or transfer of goods in bulk within the meaning of the 'sales-in-bulk' law, and there being no contention that the sale was otherwise illegal, we find no error in the judgment."

It is frankly admitted in the respondent's brief that unless that decision is overruled, the judgment in the present case upon the merits must be reversed. We think that decision correctly construes the statute, and we adhere to the views therein expressed. It follows that the judgment must be reversed, and the cause remanded with directions to the superior court to enter a judgment in favor of the garnishee defendants. And it is so ordered.

MORRIS, C. J., CROW, ELLIS, and FULLERTON, JJ., concur.