[No. 12254.   Department Two.   July 29, 1915.]

F. E. DANIELS, *Appellant*, v. PACIFIC BREWING & MALTING
COMPANY, *Respondent*.[1]

FRAUDULENT CONVEYANCES — PREFERENCES — RIGHT TO MAKE—TO
MORTGAGEES — VALIDITY OF MORTGAGE — APPEALS — MOOT QUESTION.
Where failing debtors in good faith gave a preference to mortgagees
under a chattel mortgage, which covered future additions to the
stock and allowed possession by the mortgagors and sales in the
course of trade, the validity of the mortgage, through the failure
to apply all the proceeds of sales in extinguishment of the debt, is
a moot question; since preferences by failing debtors are valid.

SAME—PREFERENCES—SALES IN BULK—STATUTES.   A preference
by a failing debtor by the transfer of a stock of goods, does not fall
within the sales-in-bulk act, Rem. & Bal. Code, § 5296, requiring an
affidavit and list of creditors upon sales of stocks of merchandise
in bulk; since there is no sale, within the meaning of the act, where
no purchase money passed.

Appeal from a judgment of the superior court for What-
com county, Pemberton, J., entered June 2, 1914, upon agreed
facts in favor of the garnishee defendant, dismissing garnish-
ment proceedings.   Affirmed.

*Craven & Greene*, for appellant.

*S. M. Bruce*, for respondent.

CROW, J.—An action was commenced by plaintiff, F. E.
Daniels, as assignee of Ferdinand Westheimer & Sons, a Mis-
souri corporation, against Pat Milan and H. Dillon, to re-
cover the purchase price of liquors sold between January 1,
and October 2, 1908.   In November, 1908, judgment was
entered in plaintiff's favor, upon which garnishment pro-
ceedings were instituted forthwith against the Pacific Brew-
ing & Malting Company, a corporation, as garnishee de-
fendant.   From a judgment in the garnishee's favor, the
plaintiff has appealed.

[1]Reported in 150 Pac. 609.

The facts, which are stipulated, in substance show, that, on or about November 19, 1907, Pat Milan and H. Dillon engaged in the saloon business at Lynden, Washington; that, for use in such business, they borrowed $2,250 from the respondent, Pacific Brewing & Malting Company; that, as evidence of such loan, they executed and delivered to respondent notes maturing monthly, ten for $200 each, and one for $250; that, to secure the same, they also executed and delivered to respondent a chattel mortgage upon their stock and fixtures in the saloon; that the mortgage by its terms secured all subsequent indebtedness and covered all additional stock and property which they might bring into the saloon business; that the mortgage was recorded in the manner provided by law; that Milan and Dillon continued in business until October 2, 1908, prior to which time they had become indebted to respondent in the further sum of $456.15 for beer purchased; that only $600 had been paid on the original indebtedness; that, on October 2, 1908, Milan and Dillon, in settlement of their indebtedness to respondent corporation, executed and delivered to it a bill of sale for all property covered by the mortgage, and used in connection with their saloon business, the consideration being "the release of any personal obligation and the discharge of any claim for indebtedness held by the buyer against the sellers;" that, from the date of the mortgage to the date of the bill of sale, Milan and Dillon had made sales in their saloon business exceeding $7,500; that, shortly after the respondent corporation received the bill of sale, it disposed of the property to a third party, and that the indebtedness which respondent released, together with expenses which it incurred, exceeded the value of the property covered by the mortgage and bill of sale.

Appellant earnestly insists that a mortgage upon a stock of goods which permits the mortgagor to remain in possession and dispose of the stock at retail is sustained in this state only upon the theory that there is an express or implied

agreement to the effect that such sales are to be made for the benefit of the mortgagee and are to be applied in reduction of the mortgage debt; and that, inasmuch as the entire proceeds of sales made by Milan and Dillon were not so applied, the mortgage has been discharged and has become invalid as against their creditors.

It is manifest that this contention can be of no avail to appellant, as the record shows nothing further than Milan and Dillon's preference of respondent as a creditor. It is the settled law of this state that a debtor in failing circumstances may prefer one or more of his creditors, if such preference be made in good faith. *Turner v. Iowa Nat. Bank*, 2 Wash. 192, 26 Pac. 256; *Vietor v. Glover*, 17 Wash. 37, 48 Pac. 788, 40 L. R. A. 297; *McAvoy v. Jennings*, 44 Wash. 79, 87 Pac. 53; *Zent v. Gilson*, 52 Wash. 319, 100 Pac. 739; *Secor v. Close*, 83 Wash. 77, 145 Pac. 56. The amount of indebtedness due from Milan and Dillon to respondent being admitted, and it being conceded that the transactions between them were *bona fide*, the existence, nonexistence or validity of the mortgage becomes a moot question.

Appellant further contends that the transfer to respondent made by the bill of sale was in violation of Rem. & Bal. Code, § 5296 (P. C. 203 § 9), commonly known as the sales-in-bulk act, in that no affidavit or list of creditors was demanded or given. This contention cannot be sustained. In *Peterson v. Doak*, 43 Wash. 251, 86 Pac. 663, we held that a debtor may transfer a stock of goods in bulk to his creditor without complying with the sales-in-bulk act, when no purchase money passes, as there is in fact no sale within the meaning of the act. The *Peterson* case was subsequently followed in *Globe Elec. Co. v. Montgomery*, 85 Wash. 452, 148 Pac. 596.

The judgment is affirmed.

Morris, C. J., Fullerton, Main, and Ellis, JJ., concur.