[Civ. No. 1918. Second Appellate District.—November 22, 1917.]

KNJÁZ HEBOJOFF, Respondent, v. GLOBE INDEMNITY COMPANY OF NEW YORK (a Corporation), Appellant.

INDEMNITY INSURANCE—LOSS SUSTAINED BY ASSURED—LIABILITY OF INSURER—PAYMENT IN MONEY.—Where a policy of insurance against loss by reason of accident to employees provides that no action shall lie against the insurance company except for reimbursement for the amount of loss actually sustained and "paid in money" by the assured in full satisfaction of a judgment duly recovered against him, the giving of his promissory note in satisfaction of the judgment is not a "payment in money" within the terms of the policy, and is therefore insufficient to sustain an action on the policy.

APPEAL from a judgment of the Superior Court of Los Angeles County. Frederick W. Houser, Judge.

The facts are stated in the opinion of the court.

J. Karl Lobdell, and Gurney E. Newlin, for Appellant.

I. Henry Harris, and Charles A. Bank, for Respondent.

JAMES, J.—The appeal in this case is taken from a judgment entered in favor of the plaintiff. The plaintiff here first recovered judgment against a corporation named Pendleton Iron & Metal Company, which judgment was for damages for personal injuries suffered by the plaintiff while in the employ of said corporation. At the time the injuries were suffered a policy of insurance had been issued by this defendant, insuring the Pendleton Company against loss by reason of accident to its employee. After judgment had been entered against the Pendleton Company in favor of plaintiff here, the Pendleton Company issued its promissory note to the plaintiff and thereupon caused the judgment to be satisfied of record, and thereafter an assignment was made by the Pendleton Company of all right of action which it had as against the appellant here under the contract of insurance. This action was then brought on account of such assigned claim.

The principal point argued in the briefs refers to that term of the policy of insurance which reads as follows: "No action for the indemnity against loss provided for in insuring agreement I of this policy shall lie against the company, except for reimbursement of the amount of loss actually sustained and paid in money by the assured in full satisfaction of a judgment duly recovered against the assured after trial of the issue, nor unless brought within two years after such judgment shall have been paid. . . . " Preliminarily it may be stated that the insuring agreement "I" referred to in the above quotation covered all principal loss which might be suffered by the assured. Appellant urges this court to decide that under the agreement providing that loss must be paid in money before an action can be maintained: 1. Payment by a promissory note is no payment at all; 2. That if the giving of a promissory note in satisfaction of the judgment debt against the assured constitutes payment in the ordinary case, such conclusion could not be applied here where the contract expressly provides that the loss must be paid "in

money." As to whether the giving of a promissory note in discharge of liability of an assured is to be considered as payment of the debt, where made in good faith and for that purpose, is a question no longer open to much difference of judicial opinion. The question is fairly settled by the authorities in the affirmative. This court had occasion to consider the precise contention made here under the first head, in the case of *Rodgers* v. *Pacific Coast Casualty Co.*, 33 Cal. App. 70, [164 Pac. 1115]. In that opinion will be found cited the principal cases, reference to which we also find in the briefs of counsel here submitted. We refer to that decision as fully expressing our present conclusion upon the matter presented. We rest upon that conclusion not without recognizing that a forceful argument may be made on the other side of the question. We recognize that where a promissory note is given in satisfaction of a judgment, it may be contended with some logic that no new debt is created; that the transaction assumes the form of substituting different evidence for the same debt, which latter is not in any way changed as to its amount.

Passing to appellant's second proposition, to wit, that the added requirement of the contract obligating the assured to pay "in money" must be actually satisfied before action is brought: The policy of insurance here exhibited is one of indemnity as distinguished from one insuring against liability; that is, the insurer here agrees to indemnify for loss actually suffered by the assured, and not to indemnify for liability incurred which liability would have been complete upon the entry of judgment against the policy-holder. In construing the term of the contract to which our attention is now directed, the reason for its insertion in the agreement and the purpose and intent to be served should be examined. It may reasonably be inferred that the insurer, recognizing the law that the assured under an ordinary indemnity agreement might satisfy a claimant's judgment in ways other than by the payment of money, determined to guard against that contingency; this by expressly requiring that the assured should be deemed to have suffered a loss only when he had paid "in money" a liability accrued against him. That this term should be considered as one affecting the contract of the insurer in a material way seems quite plain. The require-

ment is to make the matter of the amount of loss one which is to be measured by the dollars expended and so place within the reach of the insurer easy proof as to loss actually suffered.    Should we construe the term not to be of the substance of the contract and permit the loss to be recovered regardless of the kind of property which the assured parted with, then it might happen that the latter had paid in land, jewelry, or other merchandise, and thus an issue would arise as to the actual value of the thing given in payment of the obligation against which indemnity was claimed.   We have no doubt at all that an insurer can by the condition of its contract relieve itself from the difficulties which might attend such a defense in an action brought upon its policy.   Our attention is called by respondent to the case of *Herbo-Phosa Co.* v. *Philadelphia Casualty Co.,* 34 R. I. 567, [84 Atl. 1093], and we are told that the condition in the policy there considered is the same as that now before the court, and that it was there held that the term ''paid in money'' was satisfied where promissory notes were given by the assured.   It is true that the opinion discloses that the term there considered was the same, but on a close examination of the opinion we are unable to determine that the same question was there made as we have to decide here; that is, the only question that seems to have been decided was as to whether, under a policy of indemnity insurance, payment might be made by the assured giving promissory notes.   The court holds that the payment may be so made, which is in consonance with our conclusion heretofore and hereinbefore expressed.   We do not regard that case as authority upon the question here particularly urged. The court in *Eberlein* v. *Fidelity & Deposit Co. of Maryland,* 164 Wis. 242, [159 N. W. 553], while not deciding the question, suggests that the term requiring the assured to pay his liability in money may be one of substantial effect.   Our conclusion upon this branch of the case makes it unnecessary to consider in detail other points urged on behalf of appellant.

The judgment appealed from is reversed.

Conrey, P. J., and Works, J., *pro tem.,* concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on January 21, 1918.