[No. 15419. Department Two. February 9, 1920.]

FLETCHER LUGER, *by J. G. Luger, his Guardian, etc., Respondent,* v. J. D. WINDELL, *Appellant.*

J. G. LUGER, *Respondent,* v. J. D. WINDELL, *Appellant.*[1]

MUNICIPAL CORPORATIONS (379, 381)—USE OF STREETS—AUTOMO-BILE COLLISION—MEETING AND PASSING—RATE OF SPEED. In an action for personal injuries sustained in a head-on collision between motor vehicles, findings for plaintiff are warranted by evidence that de-fendant was driving at such a high and dangerous rate of speed on a curve that he was unable to control his car or keep it on the right side of the street.

Appeal from a judgment of the superior court for Spokane county, Hurn, J., entered October 31, 1918, upon findings in favor of the plaintiff, in consolidated actions for personal injuries sustained in an automo-bile collision, tried to the court. Affirmed.

*Danson, Williams & Danson,* for appellant.

*Robertson & Miller* and *E. Eugene Davis,* for re-spondent.

MOUNT, J.—Two actions are involved in this appeal. The actions were brought to recover damages alleged to have been sustained as the result of a collision be-tween an automobile, driven by the defendant, and a Ford delivery truck, owned by the Hammerlund Grocery Company and driven by one of its employees. Fletcher Luger, a minor, was riding upon the running board on the left-hand side of the Ford delivery truck when a Hudson car, driven by the defendant, crashed into the side of the Ford delivery truck and broke the boy's leg. An action was commenced by J. G. Luger, the father of Fletcher Luger, to recover for medical expenses and loss of earnings of the boy. A separate

[1]Reported in 187 Pac. 407.

action was also brought by the father, as guardian *ad litem,* on behalf of the boy, to recover for his personal injuries. After the issues were made up, it was stipulated that the two cases should be tried together. They were so tried to the court without a jury, and resulted in findings in favor of the plaintiff, upon which a judgment was entered. This appeal is prosecuted by the defendant.

The collision occurred on the 20th day of September, 1917, between twelve and one o'clock of that day. This was a bright, dry day and the streets were paved. The collision took place at the southern extremity of Manito Park, in the city of Spokane. The street around the park at the place where the collision occurred is in the form of a semi-circle.

Witnesses for the respondent testified that the Ford delivery truck, before it came to this curve, was traveling in a southerly direction at the rate of fifteen to twenty miles an hour on the right-hand side of the street around the curve; that appellant's car was traveling in the opposite direction near the right-hand side of the street; that the cars came together at about the middle of the street, which at that point was something like fifty feet in width; that the appellant's car, which was a Hudson super-six, crashed into the left side of the Ford truck and both cars were stopped by the impact.

The evidence on the part of appellant was to the effect that he was traveling in a westerly direction, opposite to that of the Ford truck; that he was on the right-hand side of the street near the curb; that the Ford truck was traveling on the left-hand or wrong side of the street; that he did not see the Ford truck, on account of some shrubbery along the edge of the street, until he was within forty or fifty feet of it; that he saw a collision was imminent, and in order to avoid

the collision he turned his car to the left; that, at about the same instant, the Ford truck turned to its right and the cars came together in about the middle of the street. Appellant testified that, immediately after he had turned his car to the left to avoid a head-on collision, the Ford truck was turned to its right, apparently for the same reason, and that neither driver had an opportunity to change direction.

The trial court, after seeing and hearing the witnesses, found that the Ford truck was to the right of the center of the street at the point where the accident occurred, and that appellant was driving his automobile at a high and dangerous rate of speed, which rendered it impossible for him to control his car; that appellant also failed to keep his car upon the right-hand side of the street and ran into the grocery truck, which was being driven upon the proper side of the street; that the proximate cause of the collision was the excessive speed at which the car was being operated and inability of the appellant to control it. Appellant argues, with much force, that the court erred in making this finding of fact.

The sole question presented upon this appeal, as it was in the lower court, is a question of fact, namely: Was the Ford delivery truck upon the right-hand side of the street at and before the collision, or was it upon the left-hand side of the street in rounding the curve on the south end of Manito Park? If the Ford truck was on the wrong side of the street, as testified to by the appellant, then the Ford truck was in the wrong. On the other hand, if the Ford truck was on the right-hand side of the street in rounding this curve, and appellant's car crashed into it, then the appellant was negligent and is liable. From the facts testified to by the different witnesses as above stated, the trial court might readily have found in favor of the appellant.

But he did not do so. The trial court evidently was impressed with the witnesses who testified in favor of the respondent and he found accordingly. While there are some circumstances which tend to corroborate the version of the appellant, we are not satisfied that the court improperly found the facts.

The judgment appealed from is therefore affirmed.

HOLCOMB, C. J., TOLMAN, FULLERTON, and BRIDGES, JJ., concur.