ISIDORE SCHWARTZ, RESPONDENT, v. KING REALTY AND INVESTMENT COMPANY, APPELLANT.

Submitted December 8, 1919—Decided March 19, 1920.

A sale in bulk made by virtue of a chattel mortgage or by the joint action of mortgagor and mortgagee is not within the prohibition of the statute of 1915. *Pamph. L., p.* 377.

On appeal from the Supreme Court, whose opinion is reported in 93 *N. J. L.* 111.

For the respondent, *Furst & Furst.*

For the appellant, *Edward R. McGlynn.*

The opinion of the court was delivered by

SWAYZE, J. The facts are stated in the opinion of the Supreme Court. 93 *N. J. L.* 111. The state of the case sets forth the existence of the chattel mortgage, the public sale by auction, the purchase of the goods by the plaintiff; that he paid the auctioneer for his purchase; that thereafter the mortgagee was paid and his indebtedness canceled.

We concur in the view of the Supreme Court as to the propriety of bringing replevin against the present defendant. As to the construction of the Bulk Sales act (*Pamph. L.* 1915, *p.* 377) we reach the same result on different reasoning.

It is clear that the statute means a sale by the owner and by him otherwise than in the ordinary course of trade. What it aims at is the sale in bulk of the whole or a large part of the stock or merchandise or fixtures otherwise than in the ordinary course of trade and in the regular and usual prosecution of the seller's business or occupation. It does not mean a sale under a mortgage—a paramount title. If the words "sale," "seller," "stock," "creditors," "course of trade," left this in doubt, that doubt would be removed by the provisions as to the sale in the regular and usual prosecution of the seller's business and as to the inquiry by the purchaser of the seller for the names of creditors and the amount of indebtedness. These words would be quite inappropriate if the sale were a sale on foreclosure of the mortgage, for, in connection with the context, they would involve the absurdity of holding that a chattel mortgage sale could, under some circumstances, be in the regular and usual prosecution of the mortgagor's business, and that the mortgagee's own sale could, under some circumstances, be void as to himself since he also is a creditor. Such a sale is a sale under a superior title and not within the mischief intended to be remedied.

The words of the statute are equally inappropriate in case of a sale by the mortgagor and mortgagee jointly. The purchaser is required to make inquiry of the seller. Under our statute the singular number imports the plural as well—the purchaser must, therefore, if the Bulk Sales act applies, make inquiry of the sellers as to creditors, an inquiry, so far as the

mortgagee is concerned, into a matter of which he can know nothing. Such a requirement would be absurd and cannot have been meant by the legislature. The only question that can arise is whether it appears in the case that the sale was either by the mortgagee acting alone and foreclosing his mortgage or whether it was a friendly sale by joint action of the mortgagor and mortgagee. There is no direct positive finding to either effect, but the necessary inference from the facts as set forth in the state of the case is either that the sale was by the mortgagee by way of foreclosure or by him jointly with the owner, or by the owner with the assent of the mortgagee. Obviously, it was intended that the purchaser should have a clear title. Otherwise the chattel mortgage would not have been paid. In any case the purchaser, the present plaintiff, would be entitled to the protection of the title of the mortgagee. A specific finding to that effect is not necessary. The District Court which tried the case is a permanent court of record vested with common law powers and every intendment is in favor of the legality of their proceedings, and only when their errors are affirmatively shown are they noticed by courts sitting in review. *Schneider* v. *Marinelli,* 62 *N. J. L.* 739; *Lloyd* v. *Richman,* 57 *Id.* 385, 387. In the latter case the court presumed that facts necessary to be proved to entitle the complainant to have judgment were in fact proved. Much more may we presume that a necessary inference from proven facts was made by the court.

The distinction we make under the Bulk Sales act between a sale by the mortgagee under a chattel mortgage and a sale by the owner was made by the Supreme Judicial Court of Massachusetts in *Wasserman* v. *McDonnell,* 190 *Mass.* 326; 76 *N. E. Rep.* 959; *Mills* v. *Sullivan,* 222 *Mass.* 587; 111 *N. E. Rep.* 605.

It is true that a chattel mortgage might be used as a mere means of evading the law, but so might a sale by the sheriff under an execution, and that is within the express exceptions of the statute. If it should be made to appear that the chattel mortgage was a mere evasion, the question might arise as to the applicability of the statute, but the burden of proof of the

evasion would be upon the one alleging it. We find nothing in this case to indicate that the sale was anything else than an ordinary *bona fide* foreclosure, or a friendly sale by mortgagor and mortgagee co-operating.

The judgment must be affirmed, with costs.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, SWAYZE, TRENCHARD, PARKER, MINTURN, WHITE, HEPPEN-HEIMER, WILLIAMS, TAYLOR, ACKERSON, JJ. 11.

*For reversal*—None.