---

[No. 16315. Department One. July 22, 1921.]

J. G. LUGER et al., Respondents, v. J. D. WINDELL et al., Appellants.[1]

APPEAL (218)—REQUISITES—GARNISHMENT PROCEEDINGS—NOTICE OF APPEAL—SERVICE. On appeal by a garnishee defendant alone, notice of appeal to the original judgment defendant is not necessary.

INSURANCE (122)—INDEMNITY INSURANCE—CONTRACT—CONSTRUCTION—LIABILITY. A policy of casualty insurance issued to an automobile owner, which provided that the insurer would defend him against suits for damages, and also that no action would lie against the insurer under the policy unless brought by and in the name of the assured for loss actually sustained and paid in money by him in satisfaction of a judgment after actual trial of the issue, constitutes an indemnity and not a liability policy, against which there could be no recourse by a person injured by the assured (Overruling Davies v. Maryland Cas. Co., 89 Wash. 571).

Appeal from a judgment of the superior court for Spokane county, Blake, J., entered June 26, 1920, upon findings in favor of the plaintiff, in an action in garnishment proceedings. Reversed.

Danson, Williams & Danson (R. E. Lowe, of counsel), for appellants.

Fred Miller and E. Eugene Davis, for respondents.

MACKINTOSH, J.—Luger recovered judgments against Windell on account of damages arising from an auto-

[1] Reported in 199 Pac. 760.

mobile accident. These judgments were affirmed by this court in *Luger v. Windell,* 110 Wash. 22, 187 Pac. 407. After the remittiturs had gone down, a writ of garnishment was served on the New Amsterdam Casualty Company, under the claim that it was indebted to, or had property of, Windell in its possession, which should be made to satisfy the judgments. The casualty company answered, denying any indebtedness; Luger controverted the answer by alleging that the casualty company had issued a policy of insurance upon the Windell automobile. Upon a trial of this issue, the lower court entered judgment against the casualty company, holding that the policy of insurance was a liability one, and that, consequently, the casualty company was liable to Luger. In so holding, the trial court felt compelled to follow the decision of this court in the case of *Davies v. Maryland Cas. Co., infra,* though that decision did not meet with his approval. The casualty company appealed from that judgment.

The respondent has moved to dismiss the appeal for the reason that the casualty company has not served Windell with notice of appeal, and that Windell, being an interested party, should have had such notice, and without it this court has not jurisdiction. In *Dittenhoefer v. Coeur d'Alene Clothing Co.,* 4 Wash. 519, 30 Pac. 660, and *Globe Electric Co. v. Montgomery,* 85 Wash. 452, 148 Pac. 596, this court has already held that where an appeal is taken by a garnishee defendant alone, that it is not necessary that notice of appeal should be given to the original judgment defendant. On the authority of those cases, the respondent's motion to dismiss the appeal is denied.

The policy written by the casualty company contained the following conditions:

"Condition C. If thereafter any suit is brought against the assured to enforce such a claim for dam-

ages, the assured shall immediately forward to such executive office of the company every summons or other process as soon as the same shall have been served on him, and the company will defend such suit, whether groundless or not, in the name and on behalf of the assured: the expenses incurred by the company in defending such suit; including costs, if any, taxed against the assured, will be borne by the company, whether the verdict is for or against the assured irrespective of the limits of liability expressed in the policy. In addition to the payment of expenses and costs as provided herein, the company will reimburse the assured for interest accrued on such part of the amount of the judgment after entry and payment thereof as shall not exceed the limits of liability expressed in the policy. The company shall have the right to settle any claim or suit at any time.

"Condition E. No action shall lie against the company to recover for any loss under or by reason of this policy unless it shall be brought by and in the name of the assured for loss actually sustained and paid in money by the assured in satisfaction of a judgment after actual trial of the issue; nor unless such action is brought within two years after such judgment against the assured has been so paid and satisfied. The company does not prejudice by this condition any defenses to such action as it may be entitled to make under this policy."

The question in this connection is whether a policy containing such provisions is a liability or an indemnity policy. The provisions quoted are identical in effect, and nearly so in language, with the provisions of the policy considered by this court in *Ford v. Aetna Life Ins. Co.*, 70 Wash. 29, 126 Pac. 69. The opinion in that case, written by Judge Gose, is a masterly review of the question, upon both reason and authority, and decides that a policy with those conditions is a policy of indemnity, and that a judgment creditor, when his judgment remains unpaid, cannot, by garnishment, compel its payment from the insurance company which

had insured the judgment debtor. That decision leaves nothing to be added in support of the conclusion there reached. It establishes the rule by reason and shows that it is based upon the overwhelming weight of authority. Contrary to the rule there announced are the decisions of but two states; to wit, New Hampshire *(Sanders v. Frankfort Marine Ins. Co.,* 72 N. H. 485, 57 Atl. 655; *Lombard v. Maguire-Penniman Co.,* 78 N. H. 110, 97 Atl. 892), and Minnesota *(Patterson v. Adan,* 119 Minn. 308, 138 N. W. 281; *Standard Printing Co. v. Fidelity & Dep. Co.,* 138 Minn. 304, 164 N. W. 1022), and it is upon the decisions of those two courts, and the decision in the case of *Davies v. Maryland Cas. Co.,* 89 Wash. 571, 154 Pac. 1116, 155 Pac. 1035, L. R. A. 1916D 395, from this court (which we will hereafter refer to) that the respondent bases his argument in support of the lower court's judgment. The earlier New Hampshire decision was referred to and condemned in the *Ford* case, *supra.* The Minnesota cases must fall under the ban of the same argument, for they are based upon the reasoning of the New Hampshire court.

In addition to the cases cited in the *Ford* case in its support, may be added the following cases, which have been decided to the same effect but subsequently to the filing of the *Ford* opinion: *Schambs v. Fidelity & Casualty Co.,* 259 Fed. 55; *Maryland Casualty Co. v. Peppard,* 53 Okl. 515, 157 Pac. 106; *Curtis & Gartside Co. v. Aetna Life Ins. Co.,* 58 Okl. 470, 160 Pac. 465; *Riner v. Southwestern Surety Ins. Co.,* 85 Ore. 293, 165 Pac. 684; *Hebojoff v. Globe Indemnity Co.,* 35 Cal. App. 390, 169 Pac. 1048; *Emerson v. Western Automobile Ind. Ass'n,* 105 Kan. 242, 182 Pac. 647; *Kansas Free Air Ass'n v. Georgia Casualty Co.,* 107 Kan. 109, 190 Pac. 592; *Lorando v. Gethro,* 228 Mass. 181, 117 N. E.

185; *Eberlein v. Fidelity & Dep. Co.*, 164 Wis. 242, 159
N. W. 553; *Newton v. Seeley*, 177 N. C. 528, 99 S. E.
347; *McBride v. Aetna Life Ins. Co.*, 126 Ark. 528, 191
S. W. 5; *Hoagland Wagon Co. v. London Guaranty &
Accident Co.*, 201 Mo. App. 490, 212 S. W. 393; *Owens
v. Jackson-Hinton Gin Co.*, 217 S. W. (Tex. App.) 762.

It is the respondent's argument that the *Ford* case
has been overruled by the decision of this court in the
*Davies* case, *supra.* An examination of the latter case
will show that the original opinion was written upon
a theory not suggested by either party to the appeal,
and that the decision cites no authorities in support of
its conclusion upon the question before us, but trans-
forms an indemnity policy into one of liability on the
ground that the provision allowing the insurance com-
pany to conduct the defense waived the company's
right to exact prepayment by the assured of the judg-
ment before it could be held on the policy. Upon a pe-
tition for rehearing, the *Ford* case having been called
to the attention of the court, it was sought to dis-
tinguish that case from the *Davies* case on the ground
that, in the *Davies* case, the judgment creditor was su-
ing as an assignee of the policy. No such distinction
can be drawn between the conclusion in the *Ford* and
*Davies* cases. The court also used some language in-
dicating an intention to modify the *Ford* case. When
all is said and done, the decision in the *Davies* case
was an overruling of the *Ford* case. There is no dis-
tinction that can be drawn between the two cases. In
the *Ford* case it was decided that the policy, with the
provisions which we have quoted, is a policy of in-
demnity, and in the *Davies* case it was held that such
a policy was one of liability. The *Davies* opinion is
contrary to reason and authority, and its entire refuta-
tion is contained in the exposition of the law made by
Judge Gose in the *Ford* case. Being satisfied that the

*Ford* decision is sound, we reaffirm it and overrule the *Davies* case upon this point.

Attention is called to our decision in *Fenton v. Poston,* 114 Wash. 217, 195 Pac. 31, where this court had before it a policy of insurance presenting the question whether it was one of liability or indemnity, and it was held to be a liability policy. That decision recognizes the rule in the *Ford* case, but decided the policy before the court to be one of liability for the reason "that the intention of the parties thereto was to protect the insured from liability for damages, or to protect persons damaged by injuries occasioned by the insured as specified in the contract, when such liability should accrue and be imposed by law (as by a judgment of a competent court)." Both the prevailing and the dissenting opinions in the *Fenton* case recognize the soundness of the doctrine of the *Ford* case, which we are reaffirming.

For the reasons stated, the judgment of the lower court is reversed.

PARKER, C. J., BRIDGES, FULLERTON, and HOLCOMB, JJ., concur.