# No. 11,937.

## ENGLEWOOD STATE BANK *v.* TEGTMAN.

Decided March 18, 1929.

Mr. G. H. Bradfield, Mr. John Harbottle, for plaintiff in error.

Mr. Robert E. Winbourn, for defendant in error.

*En Banc.*

Mr. Justice Campbell delivered the opinion of the court.

The complaint, in substance, alleges that the plaintiff Tegtman was engaged in the general merchandise business at Hudson, Colorado, conducting what is called the Hudson Cash Store. While he was in lawful ownership and possession thereof the defendant bank, by the sheriff, wrongfully levied upon his stock of merchandise in the store, evicted plaintiff and his agents therefrom, closed the store and business and thereafter sold the merchandise for the benefit of the defendant bank and to the damage and injury of the plaintiff in the sum of about $21,000, consisting of the actual and exemplary damages sustained by him. The answer denies plaintiff's ownership and possession and the other material allegations of the complaint, and by affirmative allegation avers ownership and possession of the store by W. O. Dolton, for whose indebtedness to the bank the goods in question were levied on and sold under a valid judgment against him and execution sued out thereunder. The affirmative matters of the answer are denied in the replication. There were three trials below. The first was a mistrial. On the second trial the court, at defendant's request, directed a verdict in its favor, but afterwards granted the plaintiff's motion for a new trial. On the third trial before a jury a verdict was returned for the plaintiff in the sum of $726.65 and interest. Defendant's motion for a new trial was overruled, and it is here with this writ of error.

The discussion in the briefs, particularly by the defendant bank, has taken a wide range far beyond the real issues. The numerous assignments of error, aside from the general ones, that the verdict is contrary to law and the evidence, and the noncompliance by the plaintiff with the statute of frauds relating to a change of possession of purchased chattels, are thus summarized by the defendant bank: (1) A fatal variance between the allegations of the complaint and plaintiff's proofs; (2) refusal of trial court to apply our bulk sales law, C. L. 1921, chapter 60, sections 3756 to 3758. These in their order.

1. The established or admitted facts, and so found by the jury, are that at one time before this controversy arose the plaintiff Tegtman owned, and was in possession of, a store at Hudson, Colorado, called the Hudson Cash Store. He sold this store to W. O. Dolton. Dolton did not pay the entire purchase price when possession was delivered to him. The sale was made upon an agreement of the parties that if Dolton did not, by a certain time, pay the purchase price in full the seller Tegtman might "take back" the unsold goods and thereafter conduct the merchandise business in the store building. Dolton was unable to make the prescribed payment, whereupon Tegtman went to the Hudson store and demanded and "took back" possession of the store and merchandise and thereafter conducted the business and was engaged therein when the defendant bank, upon a judgment it had received against Dolton, caused an execution to be sued out thereunder and delivered by the bank to the sheriff who levied the same upon this stock of merchandise which was sold and the proceeds of sale applied upon the judgment. It is for the alleged injury to the plaintiff so caused, that plaintiff Tegtman brought this action against the bank, which caused the alleged illegal seizure and sale.

It will be observed that we stated in our summary

just made, that certain facts were established or admitted on the trial, and we did so advisedly because we must assume—unless the record affirmatively shows to the contrary, and it does not—that the trial court submitted to the jury under proper instructions all of the issues raised by the pleadings and to which evidence was directed, and that the jury made proper findings of fact. The instructions given and refused are not embodied in the abstract. No exceptions to instructions appear and none is argued. The jury under the instructions found generally for the plaintiff and assessed his damages as above stated. After a careful examination of this record we do not see how we can interfere with this judgment, for reasons, among others, which we now proceed to state.

Counsel for the defendant say that there was a fatal variance between the plaintiff's averments in his complaint and his proofs, and to demonstrate that contention their argument is that, since from the evidence in the bank's behalf the plaintiff was not at the time of the seizure in open, exclusive and notorious possession of the Hudson store of merchandise, and had not been since his alleged taking possession several months theretofore, therefore, there is a fatal variance between the allegations of the complaint and the plaintiff's proofs. It may be an ingenious effort upon the part of the counsel for the bank to call this a variance. The real objection, if any there be, is not a variance between allegation and proof but a failure of plaintiff's evidence to prove that the defendant's seizure of the goods was made as alleged in the complaint. This, however, is not of much importance for there was undoubtedly evidence pro and con on this issue of ownership and possession. We must assume, as already stated, that the issue was properly submitted to the jury. Its general finding being for the plaintiff we cannot, under well recognized practice of this court, interfere with it,

2. It is urged that our bulk sales law, that requires certain notice of sales of merchandise in bulk, was violated by this transaction between Dolton and Tegtman. The defendant wholly misconceives or mis-states the effect of this statute in its bearing upon, or its applicability to, the facts of this case. There is no conflict of any consequence in the evidence of what the defendant calls the "resale" by Dolton to Tegtman of the Hudson store stock in October, 1923, or as to what took place between these parties at that time. Tegtman had previously sold and delivered possession of the store to Dolton with the express understanding that if Dolton, the vendee, did not by a certain time pay the purchase price or the balance due thereon, the vendor, Tegtman, might take back the store and the merchandise. Dolton did not make the payment as prescribed. Tegtman appeared at the store, demanded possession under the agreement and Dolton thereupon delivered possession of the store and the premises and Tegtman took possession thereof and continued therein. This was not a sale by Dolton to Tegtman. Tegtman had the right under the agreement to take back the store, unless the purchase price was paid. It was not paid. Tegtman, therefore, had the right, without Dolton's consent or permission, to take possession and he took it. He thus enforced a right that was vested in him by the contract and did not ask Dolton's consent or consult his desire. The bulk sales law applies to sales in the ordinary sense of the term and not to such a transaction as in question. The statute applies only to a sale which is the result of the combined acts and intention of the vendor and the vendee. Here Tegtman did not buy and Dolton did not sell this stock. The transaction as between the parties was more nearly like a mortgage than a sale. Chattel mortgages and deeds of trust are not sales or transfers or assignments. They are not within the scope of the bulk sales law. *Hannah & Hogg v. Richter Brewing Co.*, 149 Mich. 220, 112 N. W. 713, 12 L. R. A. (N. S.) 178; *Schwartz v. King Realty &*

*Inv. Co.,* 94 N. J. Law, 134, 109 Atl. 567, 9 A. L. R. 471. In the Schwartz case it is said that the statutory test is whether the sale was made in the usual way, and this does not include a mortgage or even a sale on foreclosure. The act was designed to prevent the defrauding of creditors by secret sale in bulk and it does not prevent creditors taking possession of stock in payment of a debt. It does not prevent the plaintiff to do voluntarily and without expense what he had a right to do by legal process and expense. *Gorman v. Hellberg,* 190 Ia. 728, 180 N. W. 732; *Daniels v. Pacific Brewing & M. Co.,* 86 Wash. 416, 150 Pac. 609. In 12 R. C. L., p. 525, § 54, it is said that the bulk sales statute is in derogation of the common law and is to be strictly construed.

Our examination of the record satisfies us that the objections, and none of them, urged by the plaintiff in error are tenable. It is doubtful, indeed, if our rules governing cases of this character were strictly enforced, whether plaintiff in error is entitled to be heard even upon some of the questions which we have considered and determined or whether it has brought itself within our appellate practice and procedure. As to other matters hereinbefore discussed, we think there is no merit whatever. We cannot interfere with this judgment, and it is therefore affirmed.