PEARL CUSHMAN, Appellant, v. CARBONDALE FUEL COM-
PANY AND LONDON GUARANTEE & ACCIDENT COMPANY,
LIMITED.

Indemnity Insurance: CONSTRUCTION OF CONTRACT: LIABILITY TO
EMPLOYE. Where the contract of a guaranty company with
an employer provided that no assignment of an interest
therein could be made without the written consent of the
guaranty company, and that no action should lie for a loss
unless brought "by the assured to reimburse him for a loss
actually sustained and paid in satisfaction of a judgment
after trial of the issue," an unpaid judgment for a personal
injury against the employer cannot be enforced in an equita-
ble action by an employe against the guaranty company,
notwithstanding the provisions of Code, section 4087.

*Appeal from Polk District Court.*—HON. A. H. McVEY,
Judge.

MONDAY, FEBRUARY 8, 1904.

THE London Guarantee & Accident Company, Limited,
executed to the Carbondale Fuel Company a contract of in-
demnity, which provided that no assignment of interest
therein should be made without the written consent of the
guarantee company, and that no action should lie against
the company for loss under the contract, unless brought "by
the assured himself to reimburse him for loss actually sus-
tained and paid in satisfaction of a judgment after trial of
the issue." The plaintiff, in an action antecedent to this
one, brought against the Carbondale Fuel Company alone,
recovered a judgment for $1,500 for personal injuries, which
has never been paid because of the insolvency of the com-
pany. This suit is in equity to recover the amount of that
judgment of the guarantee company on its contract of in-
demnity. There was a judgment for the defendant guaran-
tee company. The plaintiff *appeals.*

*Spurrier, Forbes & Mills* and *Dowell & Parrish* for appellant.

*Ryan, Ryan & Ryan* for appellee.

SHERWIN, J.—The obligation of the guarantee company was for the protection of the fuel company alone. The plaintiff was not a party to the contract, and had no legal rights thereunder. While the policy provided that the guarantee company might appear and defend for the fuel company in any action brought against it for personal injuries, such provision was for the protection of the guarantee company alone, and imposed no liability upon it beyond the terms of the contract. A court of equity can no more disregard the express provisions of the contract than could a court of law, and neither can make a new contract for the parties which would impose a liability not originally contracted for; hence, whatever relief a court of chancery might grant plaintiff in any event, must of necessity be based upon and be determined by the contract which the parties have themselves made. The only obligation of the guarantee company was to indemnify the fuel company against a "loss actually sustained and paid in satisfaction of a judgment after trial of the issue." This covenant is as explicit and certain as language could well make it, and, as between the parties to the contract, no recovery could be had against the guarantee company because the judgment against the fuel company was not paid, and consequently the covenant was not broken. *Wilson v. Smith*, 23 Iowa, 252; *Cousins, Sheriff, v. Paxton & Gallagher Co.*, 122 Iowa, 465 *Henderson-Achert Lithographic Co. v. John Shillito Co.*, 64 Ohio St. 236 (60 N. E. Rep. 295, 83 Am. St. Rep. 745); *Homer et al., v. The Savings Bank of New Haven*, 7 Conn. 478; *Frye, Adm'r, v. Bath Gas & Electric Co.*, 97 Me. 241 (59 L. R. A. 444, 94 Am. St. Rep. 500); *Bain v. Atkins*, 181 Mass. 240 (63 N. E. Rep. 414, 57 L.

R. A. 791). The same principle is recognized in *Moses et al., v. Travellers' Ins. Co.,* (N. J. Err. & App.) 49 Atl. Rep. 720), where a similar covenant was construed, but the judgmen held paid. In *Seeberger v. Wyman et al.,* 108 Iowa, 527, the obligation was to save "harmless from all liability," and it was said that, this liability having been determined, the action on the bond could be maintained. The distinction between liability and actual loss or damage is well marked, and in the above case nothing further was decided than that there had been a breach of the precise covenant of the bond. *Hunt v. The Association,* 68 N. H. 305 (38 Atl. Rep. 145, 38 L. R. A. 514, 73 Am. St. Rep. 602), was an action in equity by the first reinsurer to recover of its insurer the indemnity agreed to be paid in case of loss, and the language of the opinion seems to support the principle contended for by appellant.

It is further contended by the appellant that under section 4087 of the Code he is entitled to subject the liability of the guarantee company to the payment of his judgment But, as we have already seen, no liability on the part of the company has yet arisen, and it must be true that, if the fuel company had no claim against the guarantee company which it could enforce, the plaintiff has none under this statute.

We think the judgment right, and it is AFFIRMED.