PATRICK CONNOLLY *vs.* WILFRED BOLSTER & others.

Suffolk.    December 5, 1904. — January 6, 1905.

Present: KNOWLTON, C. J., MORTON, LATHROP, BARKER, & LORING, JJ.

*Insurance*, Against liability. *Equity Jurisdiction*, To reach and apply equitable assets. *Words*, "Defend", "Settle."

When a policy insuring against liability for bodily injuries caused by the negligence of the insured contains a provision, that no action shall lie for any loss under the policy unless brought by the insured "to reimburse him for loss actually sustained and paid by him in satisfaction of a judgment after trial of the issue," payment of the judgment by the insured is a condition precedent to liability of the insurance company.

In a policy insuring against liability for bodily injuries to employees caused by the negligence of the insured, a provision that on notice of an action against the insured on account of an accident covered by the policy "the company will defend against such proceeding, in the name and on behalf of the assured," the word "defend" has its ordinary meaning and does not import an agreement to defend successfully, and if in spite of the defence judgment is given against the insured, the question whether the insurance company is bound to pay the amount of the judgment depends on the terms of its agreement to indemnify the insured against loss.

A provision in a policy against liability for bodily injuries caused by the negligence of the insured, that the insured shall not "settle any claim" without the consent in writing of the insurance company, does not refer to the payment by the insured of a judgment against him which by the terms of the policy is made a condition precedent to liability of the insurance company.

R. L. c. 159, § 3, cl. 7, giving a creditor the right to reach and apply to the payment of a debt equitable assets of his debtor deals with existing equitable rights and does not authorize a court of equity to complete inchoate rights to create property which then would be subject to attachment by trustee process in an action at law.

BILL IN EQUITY, filed November 22, and amended December 23, 1901, by the holder of a judgment against the defendant Edwin D. Bell for the sum of $4,017.33 damages and $27.62 costs, recovered in an action for personal injuries received by the plaintiff on March 8, 1899, while in the employ of the defendant Bell, alleging that the defendant Bell had absented himself from the Commonwealth and before doing so had placed in the hands of the defendant Bolster as his attorney a policy of insurance issued by the defendant London Guarantee and Accident Company, made a party by amendment, insuring the defendant Bell against loss by reason of such accidents as that which caused the plaintiff's injuries, praying that the defendants should be restrained from selling or assigning the policy of insurance, that a receiver should be appointed to take possession of the policy and collect it from the defendant insurance company, and that the proceeds when collected should be applied to the payment of the plaintiff's judgment, the plaintiff by the amendment to his bill offering, if payment of the plaintiff's judgment by the defendant Bell should be held to be a condition precedent to the collection of the policy by Bell or the receiver, to cause to be advanced to the receiver sufficient funds to pay the plaintiff's judgment, to be repaid out of the proceeds of the collection from the defendant insurance company.

The defendant insurance company demurred to the bill as

amended. The Superior Court made a final decree sustaining the demurrer and dismissing the bill; and the plaintiff appealed.

*E. M. Brooks,* for the plaintiff.

*C. S. Knowles,* for the defendant insurance company.

LORING, J. The plaintiff contends that he is entitled to maintain this bill to reach and apply the debt due from the insurance company to his employer Bell, first, on the ground that on the true construction of the policy the insurance company is indebted at law to his employer in the amount of the judgment which he has recovered against him, and secondly, that if the debt is not due at law his employer has a right in equity to maintain a bill against him for exoneration and to compel the company to satisfy the judgment directly.

On the first ground the plaintiff relies on the case of *Sanders* v. *Frankfort Ins. Co.* 72 N. H. 485. In that case relief was given under similar circumstances, on the ground that as matter of construction of a policy having the same terms, payment of a judgment by the assured was not a condition precedent to a right of action on the policy where the insurance company had undertaken the defence of the claim.

By the policy here under discussion, in substance the same as that construed by the court in *Sanders* v. *Frankfort Ins. Co.,* the company " agrees to indemnify " the assured " against loss from common law or statutory liability for damages on account of bodily injuries " to employees, caused by the negligence of the assured " subject to the following special and general agreements."

The second, third and eighth clauses of the general agreements are the material ones. The second and third and the material part of the eighth clauses are as follows:

" 2. If thereafter, any suit is brought against the assured to enforce a claim for damages on account of an accident covered by this policy immediate notice thereof shall be given to the company, and the company will defend against such proceeding, in the name and on behalf of the assured, or settle the same at its own cost, unless it shall elect to pay to the assured the indemnity provided for in clause A of special agreements as limited therein.

" 3. The assured shall not settle any claim, except at his own

cost, nor incur any expense, nor interfere in any negotiation for settlement or in any legal proceeding without the consent of the company previously given in writing, but he may provide at the time of the accident such immediate surgical relief as is imperative. The assured when requested by the company shall aid in securing information and evidence and in effecting settlement, and in case the company calls for the attendance of any employee or employees as witnesses at inquests and in suits the assured will secure his or their attendance making no charge for his or their loss of time."

" 8. No action shall lie against the company as respects any loss under this policy, unless it shall be brought by the assured himself to reimburse him for loss actually sustained and paid by him in satisfaction of a judgment after trial of the issue."

The conclusion that payment of the judgment recovered by the employee was not a condition precedent to an action on the policy was reached in *Sanders* v. *Frankfort Ins. Co.* on these grounds: The word " defend " in the second clause means to protect and secure against attack, " in short, to successfully defend," and therefore included an obligation on the part of the company to pay the judgment, if the case defended resulted in a judgment against the assured; that the second clause of the general agreements, so construed, was not consistent with the eighth clause of the general agreements, which stipulates in terms that " No action shall lie against the company as respects any loss under this policy, unless it shall be brought by the assured himself to reimburse him for loss actually sustained and paid by him in satisfaction of a judgment after trial of the issue "; that if the eighth clause is construed to cover cases of which the insurance company has assumed the defence, it is inconsistent with the second clause so construed, and consequently the eighth clause must be construed not to cover those cases but to be confined to cases of which the insurance company has not assumed the defence. .

We are of opinion, however, in the first place, that the word " defend " in the second clause is to have its natural import; that it means here what it means when counsel are retained to defend an action, and that it is not to be extended beyond that and to mean to " successfully defend."

In the second place, the second clause is an obligation in addition to the obligation to indemnify the assured against loss like the suing and laboring ·clause in a marine policy, (as to which see *Kidston* v. *Empire Ins. Co.* L. R. 1 C. P. 535; 2 C. P. 357; *Atchison* v. *Lohre*, 4 App. Cas. 755; *Johnston* v. *Salvage Association*, 19 Q. B. D. 458,) and not a clause qualifying the main obligation of the policy to " indemnify " against loss from liability for damages on account of bodily injuries to employees caused by negligence of the assured. The object of this second clause is plain when taken in connection with the third. It is plainly inserted as an additional obligation and privilege for the protection of the insurance company, on the assumption that it is for the pecuniary interest of the company to be given the conduct of and to defend the action which is to fix its liability and the amount to be paid when liable, rather than to leave that matter to be dealt with by the several persons insured, respectively. This does not result in the necessity of writing into clause two the qualifying words " until final judgment," as the plaintiff contends, for when final judgment is rendered ordinarily all defence is at an end. Nothing remains but a writ of review or a writ of error, and if such a proceeding were necessary it might well be held to be covered by the obligation to defend. But when the defence is ended and in spite of the defence judgment is rendered against the insured, there is nothing to do but pay. Making payment of a judgment against the defendant is no part of a covenant to defend the action. Whether the insurance company is bound to pay the judgment depends upon the terms of its agreement to indemnify the assured against loss, and the eighth clause in terms provides that no action shall lie for " any loss under this policy " unless brought by the assured " to reimburse him for loss actually sustained and paid by him in satisfaction of a judgment after trial of the issue." In the case at bar Bell has not paid the judgment recovered by the plaintiff, and therefore has no claim against the insurance company. *O' Connell* v. *New York, New Haven, & Hartford Railroad, post*, 272. Similar policies have received the same construction in *Frye* v. *Bath Gas & Electric Co.* 97 Maine, 241; *Cushman* v. *Carbondale Fuel Co.* 122 Iowa, 656. It was also adopted in the case of *Travellers Ins. Co.* v. *Moses*, 18 Dick. 260, where it was held that an assignment of the property of the insured in bankruptcy was payment.

We add, only because the plaintiff has argued to the contrary, that the policy here in question is not to be construed in the same way as a policy which insures against the liability of the employer and does not contain clause eight of the general agreements. For that reason the following cases are to be distinguished from that now before us: *Stephens* v. *Pennsylvania Casualty Co.* 135 Mich. 000; *Fritchie* v. *Miller's Pennsylvania Extract Co.* 197 Penn. St. 401; *Hoven* v. *Employers' Liability Assur. Co.* 93 Wis. 201; *Anoka Lumber Co.* v. *Fidelity & Casualty Co.* 63 Minn. 286; *American Employers' Liability Ins. Co.* v. *Fordyce,* 62 Ark. 562; *Fenton* v. *Fidelity & Casualty Co.* 36 Ore. 283; *Pickett* v. *Fidelity & Casualty Co.* 60 S. C. 477.

For the same reason it is necessary to point out that to pay a judgment under clause two is not to "settle any claim" within clause three, and so there is no inconsistency between the two clauses.

It is proper to point out that if the plaintiff had been right in his construction of the policy his remedy would have been to attach the debt due by trustee process in an action at law.

No argument has been made in support of the second contention stated in the plaintiff's brief.* It however is dealt with in *O'Connell* v. *New York, New Haven, & Hartford Railroad, post,* 272. The contention cannot be sustained.

It remains to speak of the plaintiff's prayer to have a receiver appointed to pay the judgment due the plaintiff, and so complete Bell's right against the defendant. The statute authorizing a plaintiff to reach and apply (R. L. c. 159, § 3, cl. 7) deals with the defendant's property which cannot be attached at law. It is not a statute authorizing the court to complete inchoate rights so as to create property which then could be the subject of trustee process in an action at law.

*Decree affirmed.*

---

* The contention referred to was that at the end of the following sentence: "We submit that under the terms of the policy the employer, after a final judgment has been rendered against him, has a right to recover the amount of that judgment from the company before he himself has satisfied it, or (2) that, at least, he can maintain against the company a bill for exoneration and compel the company to satisfy the judgment directly."