### INSURANCE AGAINST LIABILITY FOR INJURIES TO EMPLOYES.

Circuit Court of Cuyahoga County.

MOSES GARRETT v. TRAVELERS INSURANCE COMPANY. *
Decided, February 10, 1910.

*Employer's Liability Insurance—Insolvency of Employer—Injured Employe Not Subrogated.*

Where insurance is only against *loss from* liability incurred by the party insured to an injured employe, the latter can not be subrogated, in case of the former's insolvency, to the policy holder's right to indemnity in whole or in part.

*W. C. Ong,* for plaintiff in error.

*Hoyt, Dustin, Kelley, McKeehan & Andrews,* contra.

HENRY, J.; WINCH, J., and MARVIN, J., concur.

The parties stand as they stood below. There the action was upon a policy of employer's liability insurance issued by the

---

* Affirming *Garrett* v. *Travelers Insurance Co.,* 9 N.P.(N.S.), 412.

Travelers Insurance Company to John Miller & Company, in whose employ Garrett was injured, under circumstances which brought his case within the terms of the policy. He had previously recovered a judgment of $500 against his employer for said injury, but the judgment debtor has meanwhile become utterly insolvent, so that nothing can be collected directly upon the judgment; hence Garrett sues upon said policy which insured John Miller & Company against loss from liability in damages for injuries to their employes.

This case is to be distinguished from those in which the contract of insurance is against liability instead of merely against loss from liability as here. When this distinction is observed we find but one case which squarely supports the plaintiff's theory, *Sanders* v. *Insurance Company*, 72 New Hampshire, 485. The overwhelming weight of authority is to the contrary. *Connolly* v. *Bolster*, 187 Mass., 266; *Cushman* v. *Fuel Co.*, 122 Ia., 656; *Allen* v. *Gilman McNeill & Co.*, 137 Fed. Rep., 136; *Allen* v. *Aetna Life Ins. Co.*, 145 Fed. Rep., 881.

Upon the authority of these and many other decisions to the same effect, as well as upon principle, we hold that no action lies upon a policy insuring against loss from liability until the loss contemplated is sustained by the party insured. But where the insurance is against liability incurred by the party insured to an injured employe, the latter may undoubtedly be subrogated in case of the former's insolvency to the policy holder's right to indemnity in whole or in part, as circumstances may warrant, but such is not this case, and the judgment is affirmed.