JEREMIAH T. SHEA ET AL. *vs.* THE UNITED STATES
FIDELITY AND GUARANTY COMPANY.

First Judicial District, Hartford, January Term, 1923.

WHEELER, C. J., BEACH, CURTIS, BURPEE and KEELER, Js.

A policy· of automobile liability insurance provided that the insurance
company should defend all personal injury suits brought against
the assured for accidents occurring while the policy was in force,
by reason of the ownership, maintenance or use of the automobile
in question, and that it should indemnify the assured against loss
from the liability imposed by law for damages suffered by any
one for such accidents, but limited any action against itself except
for a loss actually sustained by the assured's payment in money
of a final judgment against him. Such a final judgment was ren-
dered against the assured in favor of an injured person, but before
the entry of the judgment the assured had been duly adjudicated
bankrupt. In a suit on the policy brought by the injured person
and the assured jointly, the company defended on the grounds
that the assured had not paid the judgment, and that it had as-
sumed no obligation to the injured person. *Held:—*
1. That the policy was one of indemnity against loss, not against lia-
bility, and hence payment of the judgment was a condition pre-
cedent to recovery on the policy.
2. That the fact that the company took full charge of the defense of
the suit against the assured did not change the situation, since
the company had not agreed to defend successfully.
3. That the method by which the injured person should attempt to
secure from the company any amount due the assured was by the
garnishee process of attachment where available and not a claim
of right in equity, and that in any event and notwithstanding the
· adjudication in bankruptcy against the assured, the injured person
had no legal or equitable ground of recovery against the company,
since there was nothing due the assured under the terms of the
policy.
*It seems* that a different result would have been reached had Chapter 331
of the Public Acts of 1919, been in force at the time of the occur-
rence in question.

Argued January 2d—decided March 1st, 1923.

ACTION to recover an alleged loss under a policy
of indemnity issued by the· defendant to the plaintiff

Bogolwitz, on account of a personal injury caused by him and suffered by the plaintiff Shea, and for which the latter had recovered a judgment for $2,500 in a suit defended by the present defendant, brought to and tried by the Superior Court in Litchfield County, *Hinman, J.*, upon a demurrer to the "special defense"; the court sustained the demurrer and afterward rendered judgment for the plaintiffs for $3,078, from which the defendant appealed. *Error, judgment set aside and cause remanded to be proceeded with according to law.*

*A. Storrs Campbell*, for the appellant (defendant).

*Thomas J. Wall*, for the appellees (plaintiffs).

CURTIS, J.   The complaint alleges, in substance, that on July 24th, 1917, the plaintiff Shea was struck and injured by an automobile owned and operated by the plaintiff Bogolwitz; that in November, 1917, Shea brought an action against Bogolwitz for negligently causing the injury; that in June, 1919, he recovered a judgment therein for $2,500; that at the time of said injury Bogolwitz carried a policy of insurance with the defendant company whereby the defendant agreed to indemnify Bogolwitz against liability imposed by law upon him for damages to any person for injuries suffered as a result of an accident, by reason of his ownership and maintenance of such automobile; that immediately after the injury the defendant took entire charge of the investigations and negotiations in behalf of Bogolwitz in the claim for damages made by Shea against him, and when suit was begun solely conducted the defense at its own cost to the time judgment was entered; that during the time the action was pending Bogolwitz was adjudicated a bankrupt by the United States District Court for the District of Con-

necticut, and surrendered all his property to that court.

The defendant, in its answer, denied that in the policy of insurance which it had issued to Bogolwitz it had agreed to indemnify him against liability imposed by law for damages arising from the ownership and maintenance of the automobile in question; and in a special defense denied liability under the policy because of its terms, which it set forth in full and alleged as follows: "Condition G of said policy provides that 'no action shall be brought against the Company under or by reason of this policy, unless it shall be brought by the assured for a loss defined herein after final judgment has been rendered in a suit described herein and within two years from the date of such judgment, to wit, for a loss that the assured has actually sustained by assured's payment in money.' The plaintiff has not sustained or paid the judgment referred to in his complaint, all of which is made by Condition G, a condition precedent to any obligation on the part of the defendant to pay to the plaintiff Bogolwitz the amount of the judgment procured as alleged. As to the plaintiff, Jeremiah T. Shea, the defendant says that he was not a party to the policy hereinafter set forth and it has made no agreement to pay the amount of the judgment obtained by him against Harry Bogolwitz."

The plaintiffs demurred to the special defense on the ground, in substance, that the plaintiffs, by the allegations of their complaint not inconsistent with the terms and conditions of the policy set forth, have a legal or equitable right to recover the amount of Shea's judgment from the defendant because (a) the defendant took sole charge of the defense of Shea's action against Bogolwitz, (b) under such facts the policy indemnified Bogolwitz against liability for the

injury to Shea, and (c) Bogolwitz was duly adjudicated a bankrupt during the pendency of the Shea suit against him.

Under the terms of the policy the defendant agreed (1) To indemnify the assured against loss from the liability imposed by law upon the assured for damages on account of bodily injuries or death suffered by any person as a result of an accident occurring while the policy is in force, by reason of the ownership, maintenance or use of the automobile described therein. (2) To defend in the name and on the behalf of the assured any suit brought against the assured to enforce a claim, whether groundless or not, for damages on account of bodily injuries or death suffered, or alleged to have been suffered, by the persons described in the preceding paragraph and under the circumstances therein described, and as the result of an accident occurring while this policy is in force, subject to the following conditions among others: A. The Company reserves the right to settle any claim or suit. Whenever requested by the Company, the assured shall aid in securing information, evidence, and the attendance of witnesses; in effecting settlement; and in prosecuting appeals. The assured shall at all times render to the Company all co-operation and assistance within his power. C. The assured shall not voluntarily assume any·liability; nor interfere in any negotiations or legal proceedings conducted by the Company on account of any claim; nor, except at his own cost, settle any claim; nor, without the written consent of the Company previously given, incur any expense; except that he may provide at the time of the accident, and at the cost of the Company, such immediate surgical relief as is imperative. F. If the business of the assured is placed in the hands of a receiver, assignee, or trustee, whether by the voluntary

act of the assured or otherwise, this policy shall immediately terminate; but such termination shall not affect the liability of the Company as to any accidents theretofore occurring. G. No action shall be brought against the Company under or by reason of this policy unless it shall be brought by the assured for a loss, defined hereunder, after final judgment has been rendered in a suit, described hereunder, and within two years from date of such judgment, to wit: for a loss that the assured has actually sustained by the assured's payment in money (a) of a final judgment rendered after a trial in a suit against the assured for damages; (b) of the expenses (excluding any payment in settlement of a suit or judgment) incurred by the assured in defense of a suit against the assured for damages. The Company does not prejudice by this condition any defense against such action that it may be entitled to make under this policy.

The defendant claims that the policy is by its terms and conditions one of indemnity against loss, and not against liability, and that the fulfillment of condition G, by the payment by Bogolwitz of Shea's judgment against him, is a condition precedent to any sum becoming due the insured under the policy.

The plaintiffs claim that since the policy contains an agreement by the defendant to defend all suits for such injuries brought against the assured, and by conditions A and C permits the defendant to take full and sole charge of the defense of suits, therefore, when the defendant does in fact take full charge of the defense of the suit, its agreement to defend should be construed to mean an agreement to defend successfully, and when, as here, it fails to defend successfully, its agreement is breached and an obligation to pay the amount of the judgment arose; and that in harmony with this construction condition G should be

construed to apply as a condition precedent only to cases where the insurance company does not defend the suit against the assured.

The insuperable obstacle which stands in the way of upholding this construction is the terms of the policy to which we have referred. To defend any suit brought against the assured cannot be construed to mean to defend successfully such suit, unless there be written into this provision of the policy the word "successfully" or its equivalent, and this would make a new contract for the parties, which is beyond our power. For the same reason we are without authority to construe condition G to apply merely as a condition precedent to cases where the insurer does not defend the suit against the assured.

Construing this policy as its language compels, we hold that the agreement to defend does not mean to defend successfully; that the contract is one of indemnity against loss and not against liability; that the injured person has no legal or equitable ground of recovery where there is nothing due the assured under the terms and conditions of the policy; that condition G requires payment of the judgment against the insured before liability arises against the insurer, and is a condition precedent to recovery; that where garnishee process of attachment is available, that method and not a claim of a right in equity is the method by which the injured person should attempt to secure whatever sum may be due the assured under the policy; that an adjudication of bankruptcy against the insured during the pendency of such an action does not create rights in the injured person against the insurer.

Policies of indemnity with substantially identical terms and conditions as this policy are in extensive use, and there have been numerous cases before the courts where all the questions involved in this appeal

have been passed upon. The courts have held with practical unanimity that the construction claimed by the plaintiffs cannot be upheld. The following are typical cases sustaining the position taken by us in this opinion. *Connelly* v. *Bolster*, 187 Mass. 266, 72 N. E. 981; *O'Connell* v. *New York, N. H. & H. R. Co.*, 187 Mass. 272, 72 N. E. 979; *Frye* v. *Bath Gas & Elec. Co.*, 97 Me. 241, 54 Atl. 395; *Eberlein* v. *Fidelity & Deposit Co.*, 164 Wis. 242, 159 N. W. 553; *Stenbom* v. *Brown-Corliss Engine Co.*, 137 Wis. 564, 119 N. W. 308; *Herbo-Phosa Co.* v. *Philadelphia Casualty Co.*, 34 R. I. 567, 84 Atl. 1093; *Cushman* v. *Carbondale Fuel Co.*, 122 Iowa, 656, 98 N. W. 509; *Ford* v. *Ætna Life Ins. Co.*, 70 Wash. 29, 126 Pac. 69; *Luger* v. *Windell*, 116 Wash. 375, 199 Pac. 760; *Goodman* v. *Georgia Life Ins. Co.*, 189 Ala. 130, 66 So. 649; *Allen* v. *Ætna Life Ins. Co.*, 76 C. C. A. 265, 145 Fed. 881. As to bankruptcy, see 164 Wis. 242, 159 N. W. 553. As to equity of the injured, see 122 Iowa, 656, 657, 98 N. W. 509.

The courts of two states, New Hampshire and Minnesota, support the claims of the plaintiffs. *Sanders* v. *Frankfort Marine, A. & P. G. Ins. Co.*, 72 N. H. 485, 57 Atl. 655; *Patterson* v. *Adan*, 119 Minn. 308, 138 N. W. 231. These decisions have been uniformly denied support in other jurisdictions, and their reasoning repeatedly controverted. See 187 Mass. 266, 72 N. E. 981; 70 Wash. 29, 36, 126 Pac. 69.

The unfairness to the assured of contracts of insurance with conditions such as appear in this policy before us, led the General Assembly, in the Public Acts of 1919, Chapter 331, to make the insurer liable to the insured whenever liability for a loss occurs without the payment of the final judgment against him by the insured before he can recover on his policy. It is therefore no longer desirable to discuss further

the reasons why courts have so uniformly upheld the rulings set forth above.

The demurrer to the special defense should have been overruled.

There is error, the judgment is set aside and the cause remanded to be proceeded with according to law.

In this opinion the other judges concurred.