KIPKEY *v.* CASUALTY ASS'N OF AMERICA.

1. INSURANCE—CONSTRUCTION OF POLICY.
    In construing insurance policy, clauses favoring insured dominate those for benefit of insurer.

2. SAME—AMBIGUITY—LIABILITY OR INDEMNITY POLICY—ESTOPPEL
   —GARNISHMENT.

> Where insurer in ambiguous automobile policy joining character-
> istics of insurance against liability with indemnity against
> loss defended negligence action against insured, it is estopped
> from denying that contract is of insurance against liability,
> although policy contained a ''no action'' clause, and, therefore,
> is garnishable on undischarged judgment against insured.

Appeal from Wayne; Keidan (Harry B.), J. Sub-
mitted June 9, 1931.   (Docket No. 143, Calendar
No. 35,805.)   Decided October 5, 1931.

Garnishment proceedings by Dora Kipkey against
Casualty Association of America, a reciprocal in-
surance exchange, garnishee defendant of Clarence
A. Jackson, principal defendant.   Judgment for
plaintiff.   Garnishee defendant appeals.   Affirmed.

*Willard McIntyre* and *Coulter, Bogle & Hampton*,
for plaintiff.

*James B. Van Vechten, Jr.*, for defendant.

FEAD, J.   December 11, 1929, plaintiff had judg-
ment against Clarence Jackson for injuries sustained
in an automobile collision.   Defendant, insurer in a
policy to Jackson, assumed and conducted the de-
fense of the negligence suit.   March 8, 1930, plaintiff
brought garnishment proceedings against defendant
on the judgment.   Defendant disclosed and claims
that it is not indebted to Jackson under the policy
because the contract is for indemnity against loss,
not insurance against liability, Jackson has not paid
the judgment, and, therefore, has sustained no loss.
The pertinent portions of the policy are:

''(1)   To indemnify the person, firm or corpora-
tion, named in statement 1 of the schedule of state-
ments and herein called the assured, against loss

from the liability imposed by the law upon the assured for damages on account of bodily injuries or death, etc. * * *

"(2) To defend in the name and on the behalf of the assured any suit brought against the assured to enforce a claim whether groundless or not, for damages, etc. * * *

"A. Upon the occurrence of an accident the assured shall give immediate written notice thereof, with the fullest information obtainable at the time, to the association, etc. * * * If thereafter any suit is brought against the assured to enforce such a claim, the assured shall immediately forward to the association at its home office every summons or other process as soon as the same shall have been served on him. The association shall have the right to settle any claim or suit. Whenever requested by the association, the assured shall aid in securing information, evidence, and the attendance of witnesses; in effecting settlements; and in prosecution of appeals. The assured shall at all times render the association all co-operation and assistance within his power.

"E. The assured shall not voluntarily assume any liability; nor interfere in any negotiations or legal proceedings conducted by the association on account of any claim; nor, except at his own cost, settle any claim, nor incur any other expense without the written consent of the association previously given; except that he may provide at the time of the accident, and at the cost of the association, such immediate surgical relief as is imperative.

"K. No action shall be brought against the association under or by reason of this policy unless it shall be brought by the assured for a loss, defined hereunder, and a final judgment has been rendered in a suit described hereunder, and within ninety days from the date of such judgment, to-wit: for a loss that the assured has actually sustained by the assured's payment in money—(a) of a final judg-

ment rendered after a trial in a suit against the assured; (b) of the expenses (excluding any payment in settlement of a suit or judgment) incurred by the assured in the defense of a suit against the assured. The association does not prejudice by this condition any defenses against such action that it may be entitled to make."

Similar policies, except that they did not contain the equivalent of clause K, the "no action" clause, were considered in *Griffin* v. *General Casualty & Surety Co.,* 231 Mich. 642, and *Barney* v. *Preferred Automobile Ins. Exchange,* 240 Mich. 199. In both it was held that the clauses requiring the insurer to defend action for damages and giving it control of the suit are attributes and characteristics of insurance against liability and their inclusion in a policy otherwise for indemnity against loss renders the contract ambiguous. In both cases the insurer was held liable without payment of judgment by the insured; in the *Griffin Case* on the ground that, because it had defended the negligence suit, it was estopped from claiming that the policy was not one against liability; and in the *Barney Case,* where the insurer did not defend, upon the ground that the ambiguity in the contract should be resolved in favor of the assured. In the latter case there was some discussion of the force of a no action clause, but as the policy contained no such clause, the effect to be given it was not in issue and the discussion is not controlling.

Because of such discussion and the weight of authority, defendant contends that the no action clause removes the ambiguity in the policy and payment of judgment by the assured is a condition precedent to insurer's liability to him.

At present, a majority of the courts which have passed upon the point hold that, where the policy is

of indemnity against loss and contains a no action clause, the insured cannot recover on it until he has paid the judgment, although the insurer agreed to and did defend the action for damages. *Finley* v. *United States Casualty Co.* (1904), 113 Tenn. 592 (83 S. W. 2, 3 Ann. Cas. 962); *Connolly* v. *Bolster* (1905), 187 Mass. 266 (72 N. E. 981); *Poe* v. *Philadelphia Casualty Co.* (1912), 118 Md. 347 (84 Atl. 476); *Goodman* v. *Georgia L. Ins. Co.* (1914), 189 Ala. 130 (66 South. 649); *Fidelity & Casualty Co. of N. Y.* v. *Martin* (1915), 163 Ky. 12 (173 S. W. 307, L. R. A. 1917 F, 924); *Treloar* v. *Keil & Hannon* (1918), 36 Cal. App. 159 (171 Pac. 823); *Emerson* v. *Western Automobile Indemnity Ass'n* (1919), 105 Kan. 242 (182 Pac. 647); *Glatz* v. *General Accident F. & L. Assurance Corp.* (1921), 175 Wis. 42 (183 N. W. 683); *Luger* v. *Windell* (1921), 116 Wash. 375 (199 Pac. 760, 37 A. L. R. 641), overruling *Davies* v. *Maryland Casualty Co.* (1916), 89 Wash. 571 (154 Pac. 1116, 155 Pac. 1035, L. R. A. 1916 D, 395); *Shea* v. *U. S. Fidelity & Guaranty Co.* (1923), 98 Conn. 447 (120 Atl. 286); *Combs* v. *Hunt* (1924), 140 Va. 627 (125 S. E. 661, 37 A. L. R. 621); *Boling* v. *Ashbridge* (1925), 111 Okla. 66 (238 Pac. 421); *Thacher* v. *Ætna Accident & Liability Co.* (C. C. A.), 287 Fed. 484 (28 A. L. R. 1280); notes in 48 L. R. A. (N. S.) 184; 6 A. L. R. 380; 28 A. L. R. 1301; 37 A. L. R. 637.

In construing the policy some of these courts stress the no action clause and hold that, in its absence there is ambiguity and an insurer is liable for the judgment, without its payment by the assured, if the insurer defends the negligence suit. *Blanton* v. *Kansas City Cotton Mills Co.* (1918), 103 Kan. 118 (172 Pac. 987, L. R. A. 1918 E, 541), distinguishing *Carter* v. *Ætna Life Ins. Co.* (1907), 76 Kan.

275 (91 Pac. 178); or is liable where it does not defend, *Fentress* v. *Rutledge* (1924), 140 Va. 685 (125 S. E. 668), distinguishing *Combs* v. *Hunt, supra.*

On the other hand, others of them hold that the no action clause adds nothing to the character of the contract as indemnity against loss, and, contrary to our rule, deny liability before payment of judgment by the assured, although the no action clause be absent. *Transylvania Casualty Ins. Co.* v. *Williams* (1925), 209 Ky. 626 (273 S. W. 536); *London & Lancashire Indemnity Co.* v. *Cosgriff* (1924), 144 Md. 660 (125 Atl. 529); *U. S. Fidelity & Guaranty Co.* v. *Williams* (1925), 148 Md. 289 (129 Atl. 660).

The contrary view, still in the minority but growing in favor in the later cases, is that, where the insurer agrees to and does defend the negligence action, it becomes liable to the assured upon rendition of judgment and without the necessity of payment by the assured, although the policy contains a no action clause. *Sanders* v. *Frankfort, etc., Ins. Co.* (1904), 72 N. H. 485 (57 Atl. 655); *Patterson* v. *Adan* (1912), 119 Minn. 308 (138 N. W. 281, 48 L. R. A. [N. S.] 184); *Elliott* v. *Ætna Life Ins. Co.* (1917), 100 Neb. 833 (161 N. W. 579, L. R. A. 1917 C, 1061); *Elliott* v. *Belt Auto Ass'n* (1924), 87 Fla. 545 (100 South. 797); *American Indemnity Co.* v. *Fellbaum* (1924), 114 Tex. 127 (263 S. W. 908, 37 A. L. R. 633); *West* v. *MacMillan* (1930), 301 Pa. 344 (152 Atl. 104).

In some of these cases it is said that the no action clause applies only when the insurer refuses to defend; and liability has been denied in such case. *American Automobile Ins. Co.* v. *Cone* (Texas Civ. App., 1923), 257 S. W. 961.

But Missouri, which must also be counted in the minority column, in *Goerss* v. *Indemnity Co.* (1928),

223 Mo. App. 316 (3 S. W. [2d] 273), has held that, although the policy contained the no action clause and the insurer refused to defend, the debt became due and garnishable upon judgment because the defense clauses denominate the character of the contract and render it one of insurance against liability. And other courts have held that failure to defend is a breach of contract which results in a waiver of the no action clause and subjects the insurer to an action for damages or payment of the judgment. *In re Empire State Surety Co.* (1915), 214 N. Y. 553 (108 N. E. 825); *Independent Milk & Cream Co.* v. *Ætna Life Ins. Co.* (1923), 68 Mont. 152 (216 Pac. 1109); *St. Louis Dressed Beef & Provision Co.* v. *Maryland Casualty Co.*, 201 U. S. 173 (26 Sup. Ct. 400).

We need not discuss the authorities in detail, but the range and conflict of opinion are set out to indicate the impossibility of reconciling the decisions and the inadvisability of permitting *dicta* to control an issue.

In the *Griffin Case* this court adopted the rule of ambiguity and estoppel, which forms the basis of most of the minority decisions. The question is whether the ambiguity and estoppel are eliminated by the no action clause.

The ambiguity in such policy does not arise out of uncertainty of the language of its provisions, but out of the dual nature of the contract, the joining of characteristics of insurance against liability with indemnity against loss in the same instrument. The no action clause does not eliminate the element of insurance against liability given the policy by the defense clauses. Nor can it add legal certainty to the already certain language "indemnity against loss." It merely rewrites, with addition of time,

the latter provision. *West* v. *MacMillan, supra.* The purpose of the insurer may have been to cause it to control the contract, but it is in accord with the recognized rules of construction that clauses favoring the insured shall dominate those for the benefit of the insurer. In any event, the contract still retains its dual character and the same ambiguity which was found in the *Griffin* and *Barney Cases* remains. Under the authority of the former, defendant, having defended the negligence action, is estopped from denying that the contract is of insurance against liability. Upon rendition of the judgment, defendant became indebted to Jackson and the garnishment proceedings were maintainable.

Judgment for plaintiff affirmed, with costs.

BUTZEL, C. J., and WIEST, CLARK, McDONALD, POTTER, SHARPE, and NORTH, JJ., concurred.