MARYLAND CAS. CO.

v.

EMPLOYERS MUT. LIABILITY INS. CO. OF WIS.

No. 17, Docket 22720.

United States Court of Appeals Second Circuit.

Argued Oct. 14, 1953.

Decided Nov. 17, 1953.

**732**

Clarence A. Hadden, William L. Hadden, New Haven, Conn., of counsel, for appellant.

DeLancey Pelgrift, Hartford, Conn., for appellee.

Before L. HAND, SWAN and AUGUSTUS N. HAND, Circuit Judges.

L. HAND, Circuit Judge.

This is an appeal by the defendant from a judgment against it upon a policy of liability insurance issued to the "Smedley Company of Hartford, Connecticut." The action was tried to Smith, J., without a jury upon the pleadings and the following stipulated facts. The plaintiff had itself insured not only the Smedley Company in the sum of $100,000 against any liability for personal injuries caused by its motor trucks; but in the same policy had also insured "any person while using an owned automobile * * * provided the actual use of the automobile is by the named insured or with his permission." The defendant on its part had insured the Smedley Company alone in the sum of $50,000 against the same liability. Each policy contained the customary subrogation clause: i. e., "In the event of any payment under this policy, the company shall be subrogated to all the insured's rights of recovery therefor against any person"; and each also contained the customary "other insurance" clause: i. e., "if the insured has other insurance against a loss covered by this policy the company shall not be liable under this policy for a greater proportion of such loss than the applicable limit of liability stated in the declarations bears to the total applicable limit of liability of all valid and collectible insurance against such loss." The Smedley Company owned a truck driven by one of its drivers, Amendola, which struck and killed a man called Duchene, whose administrator sued both the Smedley Company and Amendola in the Connecticut Superior Court, claiming $100,000 damages. The plaintiff assumed the defence of this action; but the defendant refused a demand of the Smedley Company to assist. The plaintiff settled the action for $7,500, to recover one third of which amount—$2,500—it brought this action under the two clauses quoted above; and it is common ground that the settlement was reasonable. In addition, the plaintiff demanded judgment for one half the cost of defending the action, relying for this upon the following clause in the defendant's policy: i. e., "the company shall (a) defend any suit against the insured," and "(c) pay all expenses incurred by the company." The judge gave judgment for the plaintiff, among other reasons because he thought that the defendant had forfeited any right of subrogation against the plaintiff by refusing to assist it in the defence of the action, brought by Duchene's administrator. 112 F.Supp. 272.

We shall try to show that to allow the plaintiff to recover any part of the payment, made in settlement of this action, would result in a circuity of action. It is indeed true that, having paid the loss, it becomes subrogated to the Smedley Company's right under the defendant's policy; but, if the defendant had paid to the plaintiff one third of the

loss, it too would in turn have been subrogated to any rights of the Smedley Company by virtue of the subrogation clause in its own policy. One of the rights of the Smedley Company would have been to throw the loss on Amendola; for in Connecticut,[1] as elsewhere,[2] an employer, who has been forced to pay a loss because of his imputed liability for the negligence of his servant, may recover from the servant upon the servant's default in his duty to conduct the work with reasonable care. The doctrine that there is no contribution or indemnity between joint tortfeasors does not apply, when the liability of one of them is not for a personal fault, but because the personal fault of the other is imputed to him.[3] Therefore, after paying the plaintiff a third of the settlement, the defendant, as surrogate of the Smedley Company, could have obtained a judgment for the same amount against Amendola, the driver; and if Amendola had paid this claim, he could have recovered it from the plaintiff under his policy of insurance. That would have been a complete circuity of action.

However, we will assume that Amendola could not have paid the loss. Even so, it is at least arguable that the plaintiff would have been directly liable to the Smedley Company, and so to the defendant, its surrogate. The policy was "to pay on behalf of the insured all sums which the insured shall become legally obligated to pay as damages * * * sustained by any person * * * arising out of the * * * use of any automobile"; and that language, especially if read with Article 12 of the policy, is literally an engagement, not to reimburse or indemnify Amendola for any loss he might pay, but to pay any judgment against him. However, we need

not hold that the plaintiff's policy must be so read, for § 6191 of the General Statutes of Connecticut, "Revision of 1949," covers the situation expressly. Before it was passed, it had been the law of Connecticut, as it is generally elsewhere, that a liability policy is ordinarily only a policy of indemnity;[4] and that when it is, the obligee of the liability cannot collect upon it, or, for that matter, cannot even reach it as an asset of the obligor. The statute provided otherwise in the following words: "Each insurance company * * * shall, whenever a loss shall occur under such policy, become absolutely liable, and the payment of such loss shall not depend upon the satisfaction by the assured of a final judgment against him * * *. Upon the recovery of a final judgment * * * if the defendant * * * was insured * * * (the) judgment creditor shall be subrogated to all the rights of the defendant and shall have a right of action against the insurer to the same extent that the defendant * * * could have enforced his claim * * * had such defendant paid such judgment." Thus, since the Smedley Company could have collected from the plaintiff directly any payment it made of a judgment against it in favor of Duchene's administrator, the defendant could have done the same; and so, on any view, it would result in a circuity of action to allow the plaintiff to recover in the action at bar. Although in earlier times circuity of action was a defence that could be raised only by a bill in equity; that is true no longer, for the "matter" is one "constituting an avoidance or affirmative defense" under Fed.Rules Civ.Proc. rule 8(c), 28 U. S.C.A.

▮ We cannot agree that, since subrogation is a right created by equity, the

---

1. Smith v. Foran, 43 Conn. 244; Stulginski v. Cizauskas, 125 Conn. 293, 296, 5 A.2d 10; Preferred Accident Insurance Co. of New York v. Musante, Berman & Steinberg Co., 133 Conn. 536, 52 A.2d 862.

2. Restatement of Agency, § 401, Comment c.

3. Washington Gas Light Co. v. District of Columbia, 161 U.S. 316, 327, 328, 16 S. Ct. 564, 40 L.Ed. 712.

4. Shea v. United States Fidelity & Guaranty Co., 98 Conn. 447, 120 A. 286; Morehouse v. Employers' Liability Assurance Corporation, 119 Conn. 416, 177 A. 568.

defendant could not enforce it because of its wrong in repudiating its promise to share with the plaintiff the defence of the action of Duchene's administrator. The defendant need not rely upon the interposition of any equitable right of subrogation; it may stand upon its strictly legal rights, for its policy contained an express grant of the right of subrogation to the Smedley Company's "right of recovery * * * against any person * * * and the insured shall * * * do whatever is necessary to secure such rights." By virtue of that grant, the defendant would in effect be an express assignee of the rights of the Smedley Company; and the only question that could arise would be whether the performance of its promise to defend the action of Duchene's administrator should be deemed an implied condition upon the enjoyment of the grant; and it plainly should not.

▪ There remains the question whether the plaintiff may retain that part of the judgment that was for one half its expenses in defending the action brought by Duchene's administrator. The defendant's promise to defend any action and to pay its expenses and costs was made to the Smedley Company, not to the plaintiff; and the plaintiff can sue for its breach only under the same subrogation clause that gives it any standing to sue for the loss. If the defendant paid any part of the expenses and costs it would in its turn have been subrogated to any rights of the Smedley Company against Amendola: rights that would have included the payment of the expenses of defending the action brought against him and it. The plaintiff's policy, insuring Amendola, contained precisely the same promises to pay the expenses and costs of any action brought against Amendola as did the defendant's policy insuring the Smedley Company. Therefore, no different question arises from the loss. The upshot of the case in both its aspects may be put very simply in this form: Amendola was the only party really at fault, and he should exonerate Smedley; moreover,

once it appears that the plaintiff, either by contract or statute, was more than an indemnitor for him, and had insured him against liability, the plaintiff should pay all items of damage.

Judgment reversed; complaint dismissed.