Re UNITED STATES FIDELITY AND GUARANTY CO.

v.

The WESTERN CASUALTY & SURETY CO.

Civ. A. No. 3305(J).

United States District Court
S. D. Mississippi,
Jackson.

Nov. 21, 1963.

Butler, Snow, O'Mara, Stevens & Cannada, Roger Landrum, Jackson, Miss., for plaintiff, United States Fidelity & Guaranty Co.

Cox, Dunn & Clark, Vardaman S. Dunn, Jackson, Miss., for Western Casualty & Surety Co., defendant.

COX, District Judge.

This suit arose out of a motor vehicle accident on June 20, 1958, at an intersection of an old road with a new road under construction by Cobb. J. O. Carlisle was injured and his passenger G. W. Godwin was killed in an automobile which collided with a gravel truck in the intersection driven by Cobb's employee, Rube Brown. Godwin's widow sued and recovered a judgment in the amount of $15,000 against Cobb Brothers Construction Company, Inc., and Rube Brown for the negligence of Rube Brown in the operation of the truck. J. O. Carlisle sued Cobb Brothers Construction Co., Inc., and Rube Brown for damages for negligence for the same accident and under an agreement between the parties, thirty thousand dollars was paid by both insurers for Cobb Brothers with the approval of Brown in settlement of that claim.

United States Fidelity & Guaranty Company had issued a "comprehensive general liability policy" to Cobb Brothers as sole insured in the penalty of one hundred thousand dollars. The Western Casualty & Surety Company had issued a "comprehensive general automobile liability policy" in the penalty of one hundred thousand dollars which covered the Cobb Brothers Construction Company, Inc., and its employee (Brown) on this occasion. The liability of Cobb Brothers arose solely out of the negligence of its said employee which was imputed to it by law. No affirmative defense is asserted in the pleadings or by the proof to make any issue here to the effect that Cobb itself was guilty of any negligence on this occasion as against Brown. In this circumstance Western insists that USF&G should pay one-half of the entire losses; and Western filed its counterclaim here against USF&G for the remaining balance due by USF&G thereon, plus one-half of the investigation and legal trial expense. The USF&G insists that it owed Western nothing, but was entitled to recover from Western its 25% contribution to these settlements under an agreement between the parties, because USF&G says that Western should pay the entire loss under the terms of its policy which required it to pay any agreed settlement for or judgment againt both Cobb and Brown. Western having paid both claims on behalf of Cobb, and USF&G having contributed 25% of the amount of such settlement under an agreement therefor, USF&G sues here for the contribution which it made to said settlements. Western counterclaims against USF&G for the difference between the amount it paid and one-half of the amount claimed due.

Section 13 of Western's policy forbids an action against the company until the amount of the insured's obligation to pay shall have been finally determined either by judgment against the insured after actual trial or by written agreement of the insured, the claimant and the company. The judgment in the Godwin case and the agreement of the parties and releases taken from J. O. Carlisle, et ux, substantially comply with this condition precedent to suit.

■ Rube Brown is not a necessary party under the circumstances in this controversy between these insurance companies. His liability has been sufficiently established on both claims to obligate Western under its policy to pay the full amount thereof. That is the holding of the Court in Maryland Casualty Company v. Employers Mutual Liability Ins. Co. of Wis., (2CA) 208 F.2d 731 and Pacific Employers Ins. Co. v. Hartford Accident & Ind. Co., (9CA) 228 F.2d 365.

■ Accordingly, it is the opinion of the Court that USF&G Company is entitled to a judgment for the full amount of its claim against The Western Casualty & Surety Company; and that the counterclaim of the latter against the former is without merit and should be dismissed. A judgment accordingly may be presented for entry.