**PACELLA BROS., INC.**

v.

**The METROPOLITAN DISTRICT.**

**Civ. No. 11042.**

United States District Court
D. Connecticut.

Feb. 3, 1966.

Maxwell Heiman, Bristol, Conn., Robert J. Sherer, Boston, Mass., for plaintiff.

Robert Trowbridge, Hartford, Conn., for defendant.

## RULING ON MOTION FOR SUMMARY JUDGMENT

BLUMENFELD, District Judge.

The plaintiff, Pacella Bros., Inc., (hereinafter Pacella), moves for summary judgment against the defendant, The Metropolitan District, (hereinafter District), in the amount of $30,269.07, the balance of the price agreed upon in a contract under which Pacella undertook the construction of a certain intercepting sewer. A copy of a standard construction contract executed by the parties is attached to the complaint. The answer filed by the District was a simple denial of the allegations of the complaint. Answers to a portion of Pacella's request for admission of facts admit that the work and materials required by the contract have been furnished and that on the basis of an approval by the District's engineers of a final estimate the defendant is retaining a balance of $30,269.07.

However, in response to the request for an admission that the plaintiff has completed performance of the contract, the District answered: "The plaintiff has failed to defend and save harmless the defendant from claims arising out of the work performed by the plaintiff or its agents or servants in violation of sections 306 and 308 of said contract." At this point, the District's defense first appears. It is expanded into the real issue between the parties by coupling to

this response those documents attached to an affidavit in support of the plaintiff's motion, which consist of a prelitigation letter to Pacella from the District stating that "the defense and settlement of three suits against The Metropolitan District, et al are the only remaining issues pertaining to this contract;" and copies of the complaints in the suits referred to. These actions were brought in the state court against the District, Pacella, and the latter's subcontractor, Connecticut Rambore Corporation, by The Grove Realty Co., The American Tobacco Co. and The Hatheway-Steane Corp., and by The Hartman Tobacco Co., owners of property fronting on the street in which the sewer was laid claiming damages aggregating $97,500.00 allegedly resulting from the manner in which the work was done. The suits are still pending. Had the defendant in its answer denied "specifically and with particularity" the plaintiff's performance of contractual conditions as Rule 9(c) requires, the issue of whether the defendant is entitled to retain the balance under the terms of the contract until it is indemnified and saved harmless from the claims asserted against it in the three pending state court law suits would have been directly presented at the outset.

### The Right to Indemnity

The plaintiff's argument—if I follow it correctly—seems to be first that because the damages suffered by the state court plaintiffs were caused by negligent conduct alleged generally to have been engaged in by all the defendants, there is a basis for holding the District liable for its own negligence. The next step in the argument is that the indemnity provision in the contract [1] cannot be construed to require Pacella to indemnify the District against its own acts or omissions. Cf. Kaplan v. Merberg Wrecking Corp., 152 Conn. 405, 207 A.2d 732 (1965). But this fails to take into account other aspects of those claims which it may be useful to consider. The critical question is whether those are claims against the District based only on tortious conduct of the District. Indeed, they are much broader, for a central allegation is that the "ramming" or "jacking" procedures employed by Pacella and its subcontractor were negligently conducted. Although additional facts are alleged, which if proved might support a theory for holding the District liable under one of the rare exceptions to the general rule that "the contractee * * * is not liable, for injuries caused by an independent contractor or his servants, to any one," Douglass v. Peck & Lines Co., 89 Conn. 622, 627, 95 A. 22, 24 (1951), there is not, at this stage of the proceedings, here or in the state court, any evidence to support a finding that the District's own conduct is the sole ground on which the state court plaintiffs may recover. There is nothing but the allegation in the complaints of the stated plaintiffs. Until judgment is rendered in the state court suit, it is uncertain which defendants will be held liable. In the event that the plaintiffs obtain verdicts against all defendants, that would not foreclose the right of the District to indemnity from Pacella, even in the absence of any contractual right. See, e. g., Preferred Acc. Ins. Co. v. Musante, Berman & Steinberg Co., 133 Conn. 536, at 540, 52 A.2d 862, at 864 (1947), which holds that where both parties have been held liable in negligence toward an

---

1. Paragraph 3.06 of the contract provides, in part, as follows:

   "The Contractor shall at all times indemnify and save harmless the District * * * on account of any and all claims, damages, losses, litigation, expenses, counsel fees and compensation arising out of injuries * * * sustained by or alleged to have been sustained by the public, any or all persons on or near the work, or by any other person or property, real or personal * * * caused in whole or in part by the acts or omissions of the Contractor, any subcontractor, material man or anyone directly or indirectly employed by them or any of them while engaged in the performance of this Contract and including any maintenance period."

injured plaintiff, that judgment is not " 'res judicata or conclusive of the rights and liabilities of the defendants inter se in a subsequent action [by one to recover indemnity from the other] * * *.' " As of now, it is uncertain whether the unliquidated claims of the three landowners will ever ripen into judgments against any, some, or all of the defendants they are suing. On the other hand, it is certain that it cannot now be held that they can obtain judgments *only* against the District on the ground that it was the sole tortfeasor. The application of the equitable principle of indemnity to which Connecticut's courts adhere, Preferred Acc. Ins. Co. v. Musante, Berman & Steinberg Co., supra; Fidelity & Cas. Co. v. Jacob Ruppert, 135 Conn. 307, 311–312, 63 A.2d 849 (1949), will enable the District to recover from Pacella the amount of any judgment it may pay in the event of a determination that the District is held liable only on the theory of "constructive fault" and not "primarily."

### The Right to Retain the Funds

■ Equitable principles aside, the pertinent portion of the contract itself (n. 1, supra) must be construed to create a right in the District to indemnity from Pacella. By itself, a right to indemnity does not permit the District to resort to self-help to retain funds which admittedly are owed to Pacella. Under like circumstances, an insurance policy indemnifying the District against loss would not permit it to recover from the insurer until the liability was discharged. See Morehouse v. Employers' Liab. Assur. Corp., 119 Conn. 416, 177 A. 568 (1935); Shea v. United States Fid. & Guar. Co., 98 Conn. 447, 452, 120 A. 286 (1923); Bristol Trust Co. v. National Sur. Co., 97 Conn. 198, 203, 116 A. 251 (1922).

But the District does not attempt to rely on an equitable doctrine of "self-help" to justify its retention of the funds which admittedly are owed to Pacella. It defends its right to retain those funds

under the express terms of the contract between the parties. The provision which establishes that right is paragraph 3.19, the pertinent portion of which provides, in part, as follows:

"The District may, at its discretion, withhold any moneys which would otherwise be payable at any time hereunder and apply the same, or so much as may be necessary therefor, to the payment of any expenses, losses or damages incurred by the District and determined as herein provided, and may retain until all claims are settled so much of such moneys as the District shall be of opinion will be required to settle all claims against the District and its officers and agents, arising due to this Contract and included in the duties and liabilities assumed hereunder by the Contractor * * *.* "

■ Apparently realizing that it would be groundless to argue that the District does not have the right to retain the funds, cf. State v. Bloomfield Const. Co., 126 Conn. 349, 358, 11 A.2d 382 (1940), the plaintiff contends that the claims which the state court plaintiffs assert are not " * * * claims against the District * * * arising due to this Contract and included in the duties and liabilities assumed hereunder by the Contractor." In light of the provision in paragraph 3.06 (n. 1, supra), those words in paragraph 3.19 cannot be read so narrowly as to exclude the claims.

To sum up, there are claims being asserted against the District for which the plaintiff is obligated to furnish indemnity and, under the contract between the parties, the District is entitled to retain the funds to secure its right of indemnity. Whether the plaintiff ever will be able to recover any of the funds which the District now retains must await the outcome of events which will occur in the future.

For the reasons which are stated above, a monetary judgment cannot summarily be granted to the plaintiff.

### The Right to a Defense

Whether the plaintiff is required by the contract to assume the defense of the District against the claims asserted against it in the state court suits is a question which is only obtusely suggested in the briefs submitted by counsel. It arose when the plaintiff contended that because the contract did not require it to provide a defense for the District to the particular claims being asserted it had not committed a breach which would preclude summary judgment in its favor.

It might be needlessly formalistic to rule that the question is not before me because the defendant only in its brief and in general terms requested summary judgment in its favor rather than counterclaiming for a declaration of its right to have the defendant assume the defense of the lawsuit, since, in a proper case, "[t]his court * * * has power to order the entry of a declaratory judgment for the defendants, even in the absence of a formal counterclaim demanding such relief." International Longshoremen's Ass'n v. Seatrain Lines, Inc., 326 F.2d 916 (2d Cir. 1964). However, apart from the fact that neither party briefed nor argued the question fully or presented any facts beyond the contract and the complaints, all of which they should have the opportunity to do, there are other reasons why I hesitate to assume that the District seeks such a declaration of rights. In view of the plaintiff's contention that the District is solely liable for the injuries claimed, the latter probably does not consider it advisable to press for a judgment declaring that the plaintiff be required to assume its defense, since, as co-defendant in the cases to be defended, the contractor takes an adversary position. If that alone is not sufficient to explain why, since September 1963 when it was sued, the District has not sought a declaration of its right to have the plaintiff assume the defense of those actions, there is the additional fact that it apparently is covered under an insurance policy procured at its own expense.

Furthermore, it would seem that Pacella's insurer should be made a party. The insurer apparently disputes its obligation to afford a defense to the District and to force Pacella's insurer into the dilemma of taking an adversary position against one or the other of its insureds would hardly seem to be any wiser. See generally, Insurer's Duty to Defend, 68 Harv.L.Rev. 1436 (1955). Cf. Allstate Ins. Co. v. Lumbermen's Mut. Cas. Co., 204 F.Supp. 83 (D.Conn.1962).

### Conclusion

The primary issue at stake thus far in this litigation is the propriety of the retention by the District of the balance of $30,269.07, admittedly due Pacella, until Pacella indemnifies the District on account of the three claims asserted against it by The Grove Realty Co., The American Tobacco Co. and The Hatheway-Steane Corp., and The Hartman Tobacco Co. in three law suits now pending in the Superior Court for Hartford County. That issue is decided in favor of the defendant.

■ This case ought not remain here to have subsequent releases of the District from all claims retroactively mature a claim which is presently immature. To dismiss it would have no practical consequences, since the District would be free to bring an action for any damages resulting from any future breach of duty to assume the defense of the pending state court actions. That claim has not matured either, and the District is not compelled to seek declaratory relief against the plaintiff in this action, Chitty v. State Farm Mut. Auto. Ins. Co., 36 F.R.D. 37 (E.D.S.C.1964), nor to cite in the insurer as an additional party.

Unless the defendant files a motion for permission to amend its answer to set forth a counterclaim within twenty (20) days, the entire case shall be dismissed.

The plaintiff's complaint is dismissed on the ground that it is not presently entitled to payment of the amount being withheld by the District.

So ordered.