[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
In 1985 the plaintiff filed an action against the defendant's insured, the Baseball Association of Wolcott, for personal injuries sustained while participating in a baseball game sponsored by the Association. During the trial of that action the plaintiff and the Association reached an agreement wherein the plaintiff released the Association for $35,000. O'Donnell v. Baseball Association of Wolcott, DN 073498, Order of Healey J., March 19, 1987. In the agreement, the plaintiff agreed that he would not attempt to enforce the agreement against the Association, but would instead seek satisfaction from U.S.F. G. Id. The agreement also expressly provided that such agreement was not a judgment and that the case be accorded open status. Id., Order of Healey, J., April 10, 1987.
The plaintiff instituted this action in 1989 against the defendant alleging that its refusal to defend the Association was wrongful and that it was therefore required to pay the settlement amount to the plaintiff. On December 11, 1991 the defendant moved for summary judgment on the grounds that there was no final judgment in the prior suit and the plaintiff could not therefore bring this suit, and that in any event the refusal to defend was proper. The plaintiff objects to the motion and the parties have CT Page 2013 filed supporting documents and memoranda of law.
The general rule, absent statutory or policy provisions to the contrary, is that an injured party has no cause of action against the responsible party's insurer. 46 C.J.S. Section 1191. In Connecticut, this rule was stated as where an insurer provided indemnity against loss, as opposed to indemnity against liability, the injured party could not recover against the insurer. Morehouse v. Employer's Liability Assurance Corp, 119 Conn. 416,424-427 (1935). Policies containing "no action" clauses, stating that the insured shall have no action against the insurer until judgment has been entered against the insured, are generally considered to be ones providing indemnity against loss. Shea v. U.S. Fidelity Guaranty Co., 98 Conn. 447, 451 (1923); Morehouse, supra, 424-425.
The Connecticut legislature, however, changed this rule and the current version of the direct action statute, General Statutes Section 38a-321, provides in part
 Upon the recovery of a final judgment against any person, firm or corporation by any person, including administrators or executors, for loss or damage on account of bodily injury or death or damage to property, if the defendant in such action was insured against such loss or damage at the time when the right of action arose and if such judgment is not satisfied within thirty days after the date when it was rendered, such judgment creditor shall be subrogated to all the rights of the defendant and shall have a right of action against the insurer to the same extent that the defendant in such action could have enforced his claim against such insurer had such defendant paid such judgment.
Thus, if the requisites of the statute are met, then the plaintiff can sue the defendant directly if the Association could have sued for wrongful refusal to defend.
"The three requisites of a cause of action under this statute are (1) that the plaintiff has recovered a final judgment; (2) that the judgment is against a person who was insured by the defendant against liability on it; and (3) that the judgment remains unsatisfied." Skeet v. Hartford Accident Indemnity Co.,142 Conn. 388, 393 (1955) (emphasis added). Although the defendant is in essence arguing that the second condition has not CT Page 2014 been met, i.e. there is no liability under the policy as the plaintiff's injuries fall within one of the exclusions, the first issue which must be determined is whether a final judgment exists.
While there was a release and settlement in the prior action against the Association, the parties expressly provided that such settlement was not to be entered as a judgment. The recovery of a final judgment is a necessary prerequisite to a cause of action under Section 38a-32. Skeet, supra. The plaintiff in this case has never recovered a final judgment and is therefore precluded from bringing this action under Section 38a-321.
As noted above, an injured party was barred from suing an insurer at common law if the policy at issue provided indemnity against loss. The policy at issue is one of indemnity against loss. See Morehouse, supra; Shea, supra. Therefore, the plaintiff has no cause of action against the defendant at common law, nor under Section 38a-321 as there is no final judgment. Accordingly, the defendant's motion for summary judgment is granted.
FRANK S. MEADOW, JUDGE